GAZZAM et al. v. SIMPSON et al.

(Circuit Court of Appeals, Second Circuit. February 25, 1902.)

1. STATUTE OF FRAUDS—AVOIDING CONTRACT—RECOVERY OF BENEFITS.
   Defendants, stockholders in a corporation, receive no benefits under
   a contract by which plaintiffs, also stockholders therein, advance money
   to the corporation, but not to relieve defendants from pecuniary liability,
   and defendants agreed to vote their stock so as to keep plaintiffs in con-
   trol; so that defendants, protected by the statute of frauds from liability
   for breach of the contract, are not liable for such money.

2. ACTION ON CONTRACT—RECOVERY ON IMPLIED ASSUMPSIT.
   Plaintiff, in an action to recover on a contract, cannot recover on an
   implied assumpsit, defendant having set up the statute of frauds as
   against the contract.

In Error to the Circuit Court of the United States for the Southern
District of New York.

Before WALLACE, Circuit Judge, and COXE and HAZEL,
District Judges.

WALLACE, Circuit Judge. The plaintiffs in error were the plain-
tiffs in the court below, and challenge the ruling of the trial judge in
directing a verdict for the defendants. That ruling proceeded upon the
ground that the action was one to recover damages for the breach
of the oral contract between the parties made in January, 1890, and as
the contract was not to be performed within a year it was void by the
statute of frauds. The plaintiffs in error concede that the contract was
void, but insist that they were entitled to recover of the defendants
the sum of $9,500 advanced to the Chautauqua Lake Railroad Com-
pany pursuant to the contract. They invoke the well-settled rule that
the statute of frauds cannot be interposed as a shield by a party who
has refused to perform a contract to enable him to retain without con-
sideration a benefit which he has received under it.

The question whether the defendants received a benefit from the ad-
vances made to the railroad company is to be ascertained by the aver-
ments of the complaint, as no evidence was offered upon the trial. It
appears by the complaint that June 20, 1899, the parties entered into
an agreement whereby the plaintiffs were to make advances to the
Chautauqua Lake Railroad Company in a sum not exceeding $12,000,
and were to be given an option for one year to purchase of the defend-
ants certain shares of the stock of the corporation owned by the de-
fendants and certain of its bonds and obligations. It also appears
that the stock controlled by the plaintiffs, together with that owned
and controlled by the defendants, constituted a majority of the whole
stock of the corporation. The complaint avers that by the agreement
of January, 1890, the prior agreement was extended for the term of
one year, and the defendants promised during the extended time to
keep the plaintiffs in control of the corporation by voting their stock
according to the direction of the plaintiffs, and to protect the plaintiffs
from the appointment of a receiver of the corporation. It avers that
in consideration of this agreement, and at the instance and request of
the defendants, the plaintiffs loaned $9,500 to the Chautauqua Lake

Railroad Company, and that the loan was made by the plaintiffs "for the benefit of the defendants as owners of stock and bonds in the said railroad company." The complaint further alleges that by reason of the breach of their promise by the defendants to vote their stock as directed by the plaintiffs, and to prevent a receivership, the plaintiffs "absolutely lost the sum of $9,500."

It is apparent by these averments that the $9,500 was not advanced to the railroad company to relieve the defendants from any pecuniary liability, and that, if they were benefited by the advance at all, it was only in the sense that all the stockholders and creditors of a corporation may be remotely benefited by some advantageous transaction of the corporation. It is quite impossible to define or ascertain the pecuniary value to any stockholder or creditor accruing from a loan received by the corporation. The facts fail to disclose that the defendants received in any manner or to any extent the fruits of the performance of the contract by the plaintiffs. The advance was not made in the contemplation that it would be reimbursed by the defendants, and the circumstances are inconsistent with any implied promise by them to pay it in the event of the failure of the company to do so. This being so, the plaintiffs were not entitled to recover unless the law permits a party to recover his damages who has sustained loss by the refusal of the other party to perform a void contract. Such a recovery would amount to a rehabilitation and enforcement of the contract. Performance, either complete or partial, by one party of a contract which is void by statute cannot give him a right of action upon the contract, although it may give him one upon an implied assumpsit. If he has conveyed land, delivered goods, paid money, or rendered services under the contract, and the other party then repudiates it, he may treat the contract as a nullity, and recover what in justice the other party ought to pay for the benefit he has received without any consideration. The rule is expressed in Keener, Quasi Cont. p. 279, as follows:

"It is not, however, sufficient to enable the plaintiff to recover for him to prove that he has suffered damage in consequence of the defendant's breach of the contract. He must show that the defendant will, if he is not compelled to pay the plaintiff for that which he has received from the plaintiff, unjustly enrich himself at the plaintiff's expense."

In Browne, St. Frauds (5th Ed.) § 118a, it is said:

"The rule that where a party pays money or performs services for another upon a contract void under the statute of frauds he may recover the money upon account for money paid, or recover for the services upon the quantum meruit, applies only to cases where the defendant has received and holds the money paid or the benefit of the services rendered; it does not apply to cases of money paid by the plaintiff to a third party in execution of a verbal contract between the plaintiff and the defendant, such as by the statute of frauds must be in writing."

In Dowling v. McKenney, 124 Mass. 478, the plaintiff and defendant entered into an oral agreement by which he was to complete a monument for her, and she was to accept it in part payment of the price of a lot of land. He completed the monument, and thereafter she refused to accept it or convey the land. The court held that he was not

entitled to recover for his labor in completing the monument. In its opinion it used the following language:

"It is true that when a person pays money, or renders a service, or makes a conveyance, under an agreement within the prohibition of the statute of frauds, and the other party refuses to perform it, an action will lie to recover the money so paid, or the value of the service rendered, or the property conveyed, but it is on the ground that a party who has received a benefit under an agreement which has been repudiated shall be held to pay upon an implied assumpsit for that which he has received. In the case at bar the defendant received no benefit from the labor performed in completing the monument, although the plaintiff may have suffered a loss because he is unable to enforce his contract, and no recovery can be had for the labor on the monument."

In the present case not only have the defendants received no pecuniary benefit from the loan to the corporation, but the plaintiffs are precluded from a recovery, as upon an implied promise, by that provision of the statute of frauds by which no action can be brought to recover upon a promise, not in writing, to answer for the debt of a third person. The law does not raise an implied promise from an invalid express promise.

The ruling of the trial judge was correct, not only because upon the facts the plaintiffs were not entitled to recover the money loaned upon the theory of an implied assumpsit, but also because the complaint did not proceed upon that theory, but went upon the ground of a breach of the agreement. Like the case of Dunphy v. Ryan, 116 U. S. 491, 6 Sup. Ct. 486, 29 L. Ed. 703, the suit was based upon, and its purpose was to enforce, the void contract, and, as was there pointed out, "in such cases the suit should be brought upon the implied promise." So, in Reed v. McConnell, 133 N. Y., 425, 31 N. E. 22, the court held that a cause of action founded on a contract to recover damages for its breach, and a cause of action to recover the value of property received thereon by the party who afterwards repudiates it as void by the statute of frauds, are fundamentally different, and the fact that the defendant set up the statute as a defense to the cause of error pleaded did not authorize a recovery upon the implied assumpsit. The court said: "The claim that there was no valid contract, and that, therefore, there is a right of action for the value of property received under it, is totally inconsistent with the claim to enforce the contract and recover upon it."

The judgment is affirmed.