[Civ. No. 2665.    Third Appellate District.—April 30, 1924.]

EMIL BRISACHER, Respondent, v. PHILIP BAIER et al., Appellants.

[1] EMPLOYER AND EMPLOYEE—ACTION FOR SERVICES—PARTIES LIABLE —EVIDENCE.—In this action, which was in two counts, one for services alleged to have been performed by plaintiff for defendants and for moneys advanced for their account and the other upon an assigned claim of a certain law firm for legal services alleged to have been rendered for the defendants, the evidence was sufficient to support the claim of plaintiff that, as to his individual cause of action, he was employed by each and all of the defendants.

[2] ID.—EMPLOYMENT OF ATTORNEYS—LIABILITY OF JOINT ADVENTURERS.—In such action, the evidence having shown that all the defendants were joint adventurers and joint promoters in the matter as to which plaintiff's assignors rendered the legal services, judgment was properly rendered in favor of plaintiff and against all the defendants, although the employment of plaintiff's assignors to render such legal services was shown to have been by only one of the defendants, who was acting for himself and the others.

[3] ID.—SERVICES SUBSEQUENT TO INCORPORATION—LIABILITY OF PROMOTERS.—In such action, all the defendants were properly held liable for the legal services performed by plaintiff's assignors, both before and subsequent to the organization of the corporation, where the corporation, which was organized for the benefit of defendants, never functioned, and the services which were performed subsequent to the organization of the corporation were performed under instructions given by defendants before the incorporation.

(1) 14 C. J., p. 274, sec. 318.    (2) 14 C. J., p. 274, sec. 318; 33 C. J., p. 847, sec. 17.    (3) 14 C. J., p. 269, sec. 312, p. 271, sec. 313.

APPEAL from a judgment of the Superior Court of Alameda County. H. D. Burroughs, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Lindsay & Conley for Appellants.

2. Mutual rights and liabilities of joint adventurers, notes, 17 Ann. Cas. 1022; Ann. Cas. 1912C, 202; Ann. Cas. 1914C, 691; Ann. Cas. 1916A, 1210.    See, also, 14 Cal. Jur. 762; 15 R. C. L. 505.

Robbins, Elkins & Van Fleet for Respondent.

YOUNG, J., *pro tem.*—Plaintiff recovered judgment in this action for $3,081.50 against the defendants Philip Baier, E. A. McCord and F. H. Smith, and Ed. L. Harper, who defaulted. The action was dismissed as to the defendant A. J. Pearce, who was not served. The cause was tried by the court sitting without a jury. The defendants Baier, McCord and Smith appeal.

The complaint contains two causes of action, one of which is based upon the claim of plaintiff for services alleged to have been performed by him for defendants and for money advanced for their account, and the other cause of action is based upon an assigned claim of Robbins, Elkins & Van Fleet for legal services alleged to have been rendered by them for the defendants.

In reference to plaintiff's individual claim. among other things it was in effect found by the trial court that plaintiff, at the special instance and request of the defendants, and each and all of them, rendered services to them as advertising engineer of the value of $495.11, and advanced and paid out for the account of said defendants, and each and all of them, $1,086.40 for newspaper advertising, photographs, printing and incidental expenses, which amount of $1,086.40 the said defendants and each of them agreed to repay to plaintiff.

As to the assigned claim, among other things, it was in effect found by the trial court that the defendants were engaged in a joint venture and promotion in obtaining a lease and option to purchase in the name of the defendant Philip Baier a certain grape juice and grape syrup factory, together with the lands upon which the same is situate, near Kingsburg, Fresno County, California, and the incorporation of a corporation under the name of Golden States Products Company, to take over said lease and option to purchase the said factory, and to purchase, operate and manage the said factory, and that Robbins, Elkins & Van Fleet, at the special instance and request of the defendants and each and all of them, rendered legal services as attorneys and counselors at law for the defendants, and each of them, in connection with obtaining said lease and option, and negotiations concerning, and the preparation of various

drafts of said lease and option, in consulting with said defendants in reference to said lease and option, and the formation of the corporation referred to, and the incorporation and organization of said corporation, Golden States Products Company, and that said services were of the reasonable value of $1,500.

Appellants contend that there is no evidence to support the finding of the trial court that the services rendered by plaintiff were rendered at the instance and request of appellants, or that the money advanced by him was advanced at the instance and request of appellants and paid out for their account.

It is conceded by appellants that as to the services rendered by Robbins, Elkins & Van Fleet in the formation of the corporation Golden States Products Company, that they authorized the same, but they contend that the evidence does not support the finding of the trial court that the services rendered by said attorneys in connection with obtaining the lease and option were rendered at the instance and request of appellants, and further that the evidence does not support the finding that the services rendered by the said attorneys after the formation of the corporation were rendered at the instance and request of appellants.

The Golden States Products Company, a copartnership, consisting of Ed. L. Harper and several other members, owned a grape juice and grape syrup factory, together with the lands upon which the same is situate, near Kingsburg, in Fresno County, California. The business conducted by this copartnership in connection with the factory had been a failure, and the copartnership was heavily in debt. The members of the partnership, especially Harper, were desirous of disposing of the property, or of effecting a reorganization of the business. The latter part of January, or the first part of February, 1921, Harper received information to the effect that Philip Baier, one of the appellants, might be interested in the purchase of the factory, and sought an interview with him on the subject. Harper also heard that appellant Smith had been making inquiries about the grape juice manufacturing business, and called upon him at his office in Fresno. Smith informed Harper that Mr. Baier and himself were contemplating the building of a grape juice factory. A day or two later, Baier, Smith and Mc-

Cord met with Harper and a conference was had upon the subject. Baier informed Harper that he would like to obtain an option to purchase said factory if satisfactory terms could be agreed on. Other meetings were held between these parties, at some of which meetings there were also present Guthrie, Truss and Pearce. It was determined that Baier and some of the others should go to San Francisco to meet the members of the copartnership and discuss the matter of obtaining an option to purchase the factory. On February 27, 1921, Baier, Guthrie, Truss and Pearce went to San Francisco and met members of the copartnership in the office of Robbins, Elkins & Van Fleet. Mr. Elkins of this firm had been the attorney of Mr. Harper for some time, and it was at the suggestion of Mr. Harper that the meeting was held in this office, and that Mr. Elkins was invited to participate in the conference. The matter of obtaining an option to purchase running in the name of Mr. Baier was agreed upon, and Mr. Elkins understood he was employed by Mr. Baier and his associates to meet with Mr. Maurice E. Harrison, the attorney representing the copartnership, to work out the details of the option and to prepare a draft of the same. Several drafts of the option were prepared before one satisfactory to all parties was had. Finally, on March 30, 1921, at a meeting in Fresno at which Elkins, Baier, McCord, Smith, Harper and Pearce were present, the final draft of the option which had been executed by the members of the copartnership was accepted by Mr. Baier, and the first payment called for by its terms was paid to a person in the Bank of Italy in Fresno, authorized by the members of the copartnership to accept the payment and deliver the option to Mr. Baier. Of this payment, Baier, Smith, McCord, Pearce and Harper each paid $2,000. Mr. Elkins was then instructed by these associates, or some of them, to prepare the papers for the formation of a corporation under the name of Golden States Products Company, and also to prepare the necessary application to the commissioner of corporations for permission to sell stock of the corporation. Mr. Elkins proceeded with this work as directed. The plan of appellants and their associates for making further payments on the option in the purchase of the factory was to sell stock to raise the money therefor. A scheme of advertising was agreed upon and plaintiff, an

advertising engineer, was instructed to prepare a salesman's kit, so-called, and to carry on advertising in the newspapers in the San Joaquin Valley. Mr. Elkins prepared the papers for the formation of the corporation, and the corporation was organized. Appellants were not among the incorporators. These consisted of Mr. Harper, Mr. Elkins, and others selected by Mr. Elkins to act as dummies. Plaintiff proceeded to carry out his instructions in reference to advertising. The effort to sell stock failed, and the appellants never became members of the corporation. In the advertising matter for sale of stock, they had been featured as directors of the corporation.

[1] Plaintiff's individual cause of action is based upon his claim that he was employed by each and all of the appellants and their associates. We are of the opinion that the evidence supports the claim of plaintiff. Harper testified that at a meeting had with appellants on March 25, 1921, the matter of carrying on a campaign of advertising was discussed, and that he suggested the name of plaintiff as the man to do this work, and that appellants and each of them told him to engage plaintiff and have him start to work at once. That he, on the following day, acting under this authority, employed plaintiff to do the advertising upon which his claim is based. Plaintiff testified in his own behalf to the effect that Mr. Harper called at his office on March 26, 1921, and told him that he arranged with Mr. Baier, Mr. Pearce, Mr. McCord and Mr. Smith to promote this enterprise, and outlined the complete details of their plans, and asked him to prepare immediately a salesman's kit, and prepare certain letters and make ready to carry on the necessary advertising. It also appears that while the work was in progress he met with Harper and the appellants and had discussions in reference to the advertising. Appellants admit that the value of plaintiff's services as found by the trial court is reasonable. The matter of plaintiff's employment by appellants and their associates was clearly a matter of fact for the trial court to determine, and there is substantial evidence supporting its findings as to the same.

The right of recovery on the assigned claim of Robbins, Elkins & Van Fleet is based upon the claim that appellants and their associates were joint adventurers and promoters,

and that Mr. Baier, acting for himself and the others, employed Mr. Elkins to render the services sued on. Appellants Smith and McCord testified to the effect that they were not associated with Mr. Baier until March 30, 1921, the day the option was accepted by Baier, and it is therefore contended by them that they are not liable for services rendered by Mr. Elkins prior to that date.

Mr. Baier testified to the effect that he did not employ Mr. Elkins to represent him in obtaining the option, and that he understood that Mr. Elkins was acting as the attorney for Mr. Harper.

[2] It is our opinion that the claim that appellants and Harper and Pearce were joint adventurers and joint promoters is fully supported by the evidence. Harper testified that he had been told by appellants in several meetings held between them prior to February 27, 1921, that the appellants were all together in the deal. This, coupled with the fact that each of them was present when the option was finally accepted by Baier, and each then and there paid a part of the first payment called for by the option, justified the trial court in finding that they had been interested together in the deal from its inception. As to the employment of Mr. Elkins, the testimony of Elkins, Harper and Sinton, all witnesses in the case, is to the effect that Mr. Baier instructed Mr. Elkins in the meeting held in the office of Mr. Elkins on February 27, 1921, to co-operate with Mr. Maurice E. Harrison, the attorney for the copartnership, in the preparation of the option, and that Mr. Baier told Mr. Elkins to protect his interest in the matter. Mr. Elkins also testified that in other conferences had with Mr. Baier that Mr. Baier had asked his advice pertaining to the option and as to his liability thereunder.

The rule of law under which the liability of appellants arises is clearly announced in the opinion of the court in the case of *Strause* v. *Richmond Wood Working Co.*, 109 Va. 724 [132 Am. St. Rep. 937, 65 S. E. 659] as follows:

"Upon the soundest reasoning the tendency of the courts in recent years is to an adherence to the doctrine that those dealing with promoters should be left with the double security of the promoter and the company when one is formed, unless it clearly appears that the liability of the

promoter was not intended, or that it was intended to be released when the liability of the corporation began."

In *Hersey* v. *Tully*, 8 Colo. App. 110 [44 Pac. 854], it is said: "Promoters of a corporation are personally liable for the contracts made by them, or by agents authorized by them, preliminary to its organization."

This rule is also supported in the cases of *Ijams* v. *Andrews*, 151 Fed. 725, 730 [81 C. C. A. 109]; *Leek* v. *City of Venice et al.*, 50 Cal. App. 462 [195 Pac. 440].

[3] The last point that calls for consideration is the contention of appellants that they are not liable for the services rendered by Mr. Elkins after the incorporation of the Golden States Products Company. It is contended by them that these services were performed for the corporation, and hence the corporation and its stockholders are liable. These services consisted of the preparation of minutes and by-laws and the application to the commissioner of corporations for permission to sell stock. When it is remembered that the corporation was organized for the benefit of the promoters with a nominal board of directors, and that the corporation never functioned, and that Mr. Elkins performed these services under instructions given by the appellants before the incorporation, we think the obligation of the appellants to pay for these services arises under the rule above mentioned as to the liability of joint adventurers and promoters.

We are of the opinion that the evidence supports the findings of the trial court, and the judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.