[Civ. No. 6092.   First Appellate District, Division Two.—July 18, 1928.]

AGOSTINO PAPESCHI et al., Plaintiffs and Appellants, v. N. V. LA CAVA et al., Defendants; G. FRACCHIA, Defendant and Appellant.

Waldo F. Postel and L. Scidenberg for Defendant and Appellant.

Randolph V. Whiting and Henry F. Wrigley for Plaintiffs and Appellants.

STURTEVANT, J.—The plaintiffs commenced an action against the defendants to recover money. They were given judgment against one of the defendants and that defendant has appealed. They were refused judgment against the other defendants and from that portion of the judgment the plaintiffs have appealed.

The plaintiffs pleaded their claim in three separate counts. On the third count neither party introduced any evidence and no findings were made. The first count was framed as a common count for money had and received.

The second count pleaded a written promise to pay. The defendants filed answers denying the allegations contained in each count and each defendant alleged that the plaintiffs rescinded the contract. Among others the court found, "That within two years last past, at the City and County of San Francisco, State of California, defendant G. Fracchia, originally sued here and sometimes known as S. Fracchia, became indebted to plaintiffs, in the sum of $600, for and on account of moneys had and received by said defendant for the use and benefit of plaintiffs, and which said sum said defendant in writing promised and agreed to pay to plaintiff; that although demand has been made on said defendant for the payment of said sum no part thereof has been paid." The trial court also found that the plaintiffs never rescinded the said contract. There is no finding that Mary Rosina, as an individual or as executrix of the last will of her deceased husband, or that N. V. La Cava did receive, or did not receive, any moneys. The uncontroverted evidence was to the effect that Rosa Papeschi paid to the defendant La Cava, as a deposit on a purported contract to purchase real estate, the sum of $600 and of that sum the defendant La Cava paid to the defendant Fracchia $300. There is no evidence in the record that either of those defendants does not now hold the moneys so received; or that either of said defendants has legally parted with any of the moneys so received.

In accordance with the finding above quoted, the trial court rendered judgment against the defendant Fracchia in the sum of $600. In doing so the court did not err. The defendant had received $600. The witnesses so testified; but they attempted to show that Fracchia then made a payment to La Cava. He had no authority to do so. The payment did not relieve him of responsibility.

As recited above, there is no finding and no evidence that Mary Rosina, as an individual or in her representative capacity, received any moneys whatever. There is no evidence and no finding that she made any promise of any kind. The judgment refusing relief against her was correct. (*Whittier* v. *Home Savings Bank,* 161 Cal. 311 [119 Pac. 92].) As the record shows that if a finding had been made it must necessarily have been against the plaintiff and in favor of Mary Rosina, the judgment in her

favor will not be reversed, but, on the other hand, the same will be affirmed.

As to the defendant La Cava, the plaintiffs make the broad statement that the judgment should be reversed There is no finding and there is no evidence that he acted jointly with the defendant Fracchia. Ordinarily he would not be liable. (41 C. J., p. 62.) The plaintiffs do not call to our attention any facts, nor cite us to any law, showing liability as to him. The judgment as to La Cava is therefore affirmed.

In his answer the defendant Fracchia pleaded a repudiation of the contract by the plaintiffs. He now complains because the trial court did not make a finding thereon. The point has no merit for two separate reasons. Among other things, the trial court found that the " . . . plaintiffs did not rescind the transaction." The trial court doubtlessly used the word "rescind" as being a synonym of the word "repudiate" as will presently more fully appear. The other reasons supporting the findings made by the trial court rest on a consideration of the following facts: The contract, as written, provided that the purchaser should have thirty days to examine the title and if he found any objections that he should state the same in writing. If any objections were made the seller should " . . . use all due diligence to remove them within ninety days thereafter . . . but if such objections cannot be removed within the time allowed, all rights and obligations hereunder may, at the election of the purchaser, terminate and end, and said deposit shall be returned to the purchaser. . . . " The contract was written August 24, 1925. On September 23, 1925, the purchaser served a notice stating certain objections to the title and then closed the notice as follows: "Because of the number of such defects and objections, demand is hereby made for the *immediate* repayment to A. F. R. Papeschi of the sum of $600 heretofore paid to you the said N. V. La Cava, in connection with the signature of the aforesaid purported agreement of sale." The defendant Fracchia calls attention to the fact that the contract gave him ninety days to clear the title and that the notice served by the plaintiff departed from the terms of the contract because it required an "immediate" repayment. He therefore asserts that the

plaintiff repudiated or rescinded the contract. Conceding, without deciding, that the plaintiff did rescind the contract, it is equally clear that the defendant also rescinded the contract, for the evidence is without conflict that after September 23, 1925, the vendor made no effort whatsoever to clear the title and that he never at any time made any attempt to tender a deed. Under these circumstances the plaintiff was entitled to a return of her deposit. (*Cleary* v. *Folger,* 84 Cal. 316, 319 [18 Am. St. Rep. 187, 24 Pac. 280]; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, 16 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Lemle* v. *Barry,* 181 Cal. 6, 10 [183 Pac. 148].) If the plaintiff's notice is construed as the defendant contends it should be construed, it follows that the finding should have been that both parties rescinded the contract. In that event the plaintiffs were entitled to recover. On the other hand, if the plaintiffs' notice is construed more liberally, it follows that it was not necessarily an unwarranted notice under the terms of the contract and that the plaintiff did not rescind or repudiate the contract and the finding as made by the trial court was correct.

We find no error in the record. The judgment is affirmed as to each party.

Nourse, J., and Koford, P. J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 13, 1928.

All the Justices concurred.