[Civ. No. 10845.  Second Appellate District, Division One.—September 2, 1936.]

HINDA WAX, Respondent, v. HATTIE B. ADAIR, as Executrix, etc., Appellant.

Joseph M. Maltby for Appellant.

H. W. Funke for Respondent.

HOUSER, P. J.—This is an appeal from a judgment in favor of plaintiff and against defendant as executrix of the will of Elizabeth B. Linikin, deceased, that was rendered in an action that was brought by plaintiff on a claim for services alleged to have been performed by her for and at the request of Elizabeth B. Linikin, and which claim, after having been duly presented for allowance to the defendant executrix, was rejected by her.

The principal question presented on the appeal relates to whether the action was barred by the statute of limitations; and as incidental to, but nevertheless decisive of, that question, whether, as a matter of law, the evidence adduced on the trial of the action was sufficient to support the judgment. In the body of appellant's opening brief, the situation is aptly expressed in the following language:

"The answer to the above question hinges entirely upon the interpretation of the testimony as to when plaintiff

was to have been compensated. If, on the one hand, it is proven that plaintiff was to have been compensated by the Last Will of decedent, the plaintiff must prevail in so far as the running of the Statute of Limitations is concerned and the doctrines enunciated in the following cases would apply. [Citing authorities.]

"If, on the other hand, it is proven that there was *no definite time* when plaintiff was to have been compensated, and that is our contention, then the principles enunciated in the following cases would apply." (Citing authorities.)

In that connection, one of the witnesses, in quoting conversation that was said to have occurred between the witness and Miss Linikin in the presence of plaintiff, testified as follows: (Statement by Miss Linikin): "*I am going to see that you* [plaintiff] *have your salary. That you are well paid for looking after me.* . . . But never you mind, *if anything ever happens to me* I will surely see that *you are provided for* in the very best kind of a way. . . . *I am going to take care of Mrs. Wax.* She has been good to me."

What interpretation or construction could reasonably be given to or placed upon such expressions, other than that Miss Linikin either already had provided by her will for compensation to be made to plaintiff, or, if she already had not made provision in that way, that thereafter she would do so, is not readily perceivable.

On the other hand, as hereinbefore has been stated, if there was "no definite time when plaintiff was to have been compensated", the pertinent question presented by appellant relates to whether the greater part of the compensation to which plaintiff would have been entitled was barred because of delay in bringing an action against Miss Linikin within the time limited by statute for the commencement of such an action. Incidental to that point, the findings of fact made by the trial court were: "That it is true that heretofore the plaintiff, Hinda Wax, at the special instance and request of Elizabeth B. Linikin, and in consideration of the promise of said Elizabeth B. Linikin to pay for services, at or before her death, rendered services in the capacity of practical nurse, housekeeper and caretaker and companion for said Elizabeth B. Linikin continuously from the 15th day of September, 1930, until on or about the 15th day of February, 1934, . . . "

Particularly with reference to the definiteness of the time when compensation was to be made, one of the witnesses testified that in the course of a conversation that she had had with Miss Linikin in the presence of plaintiff, and in which conversation the question of time of payment arose, the following occurred: "Mrs. Wax [plaintiff] spoke up and said, '*If I do quit are you going to pay me that money you owe me? When are you going to pay me that money you owe me?*' And Miss Linikin said, crossly, she said, '*I told you I would give you the money before I died, and* I am not dead yet. *You know I told you I would take care of you.* All my money is in New York, and you know I can't get it out here quickly'."

Practically without conflict in the evidence, and as declared in the court's findings of fact, the services that were rendered by plaintiff for or on behalf of Miss Linikin were "continuous".

The case of *Mayborne* v. *Citizens Trust & Sav. Bank,* 46 Cal. App. 178 [188 Pac. 1034], was similar in its facts to those that appear in the instant case, in that no definite time was agreed upon for payment of compensation of an employee, excepting that a testator had promised that in his will he would make provision for the payment of services that had been rendered and were being rendered by the plaintiff, and that in fact the testator did so provide in an instrument that afterward was denied probate as a will. The claim of the employee having been rejected by the administrator of the estate of the deceased, an action was brought to recover a judgment for the reasonable value of the services that had been performed by the employee. On ruling on the question submitted to the appellate court, it was held that, "Where a contract for services, either express or implied by law, *is for an indefinite time* and no time for payment is specified, the statute of limitations does not begin to run *until the services end.*" In the course of the opinion in that case it was said:

"We think there is no merit in the contention that the claim is barred by the statute of limitations. The services were *continuous for a period of twenty years,* and it is a *fair inference* that it was the *intention* or *expectation* that they should be rewarded when *terminated.* They did not cease *until the death* of Mr. Dutton. The case falls clearly

within the rule announced in . . . [citing authorities] . . . They are all to the effect that where the contract is *for an indefinite time* and *no time for payment is specified,* the statute does not begin to run *until the services end.* Of course, the same rule applies to an express contract and to one implied by law."

And in the likewise similar case of *Lauritsen v. Goldsmith,* 99 Cal. App. 671 [279 Pac. 168], the court used the following language:

"It is also contended by respondents that a cause of action upon *quantum meruit* would be barred by the statute of limitations with the exception of that part of the claim which arose *during the last two years preceding the death of decedent.* It has been held, however, under facts similar to those in this case that the law not only implies a promise to pay but implies the promise to pay *at the termination* of the services, so that the cause of action does not arise *until the day of the death of decedent* and the statute of limitations *does not bar any part of the period of continuous services."* (Citing authorities.)

In the case of *Burr v. Floyd,* 137 Cal. App. 692 [31 Pac. (2d) 402], "continuous" services had been rendered by an employee for approximately seven years, and although the employer had promised that he would make ample compensation therefor by will, he failed to do so. On appeal from a judgment that was rendered in favor of the plaintiff against the defendant as executor of the will of the deceased employer, in part the court said:

"Furthermore, it must be observed that the action instituted by respondent was upon *quantum meruit* and that the agreement of the decedent as shown by the evidence was an express contract to compensate *by will.* It is settled that, *under such circumstances,* the law will imply a promise to pay the reasonable value of the services rendered when the express promise to compensate by will *has failed of fulfillment.* . . . [Citing authorities.] . . . Not only does the law under the circumstances disclosed by the record herein imply a promise to pay the reasonable value of the services but the implication of the law is that payment shall take place *upon the termination* of the services. The evidence established that the services were to be rendered *during the lifetime* of the promisor and that no compensation for them

was to be paid *until after the promisor's death.* It was only upon the happening of this event that respondent's services were to terminate. The cause of action for the reasonable value of respondent's services did not therefore come into existence *until the day of the death of decedent* and it cannot successfully be contended that any part of the period of service was barred by the statute of limitations."

See, also, *Seib* v. *Mitchell,* 10 Cal. App. (2d) 91 [52 Pac. (2d) 281].

From consideration of the legal effect of the foregoing authorities, it is concluded that the evidence that was adduced on the trial of the action was sufficient to support the judgment herein.

Although appellant directs attention to several cases which in some respects would seem to support her several contentions, it is thought that in their respective facts they are either distinguishable from those in the instant case, or, failing in that regard, that the decisions therein indicated are not in accord with the weight of authority.

The judgment is affirmed. The attempted appeal from the order by which defendant's motion for a new trial was denied is dismissed.

York, J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 29, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1936.