[Civ. No. 21289.  First Dist., Div. Three.  Nov. 13, 1963.]

C. J. VAN DUKER, Plaintiff and Respondent, v. ARTHUR J. FRITZ et al., Defendants and Appellants.

L. W. Wrixon for Defendants and Appellants.

John R. Swendsen for Plaintiff and Respondent.

DRAPER, P. J.—This is an action on a common count for services rendered. Plaintiff had judgment against Arthur J. Fritz and two corporations. Judgment was in favor of another corporation defendant, and against all defendants on their cross-complaint. Defendants-cross-complainants appeal.

■ Plaintiff is an industrial traffic consultant. Fritz is a customs broker operating individually and through Arthur J. Fritz & Co., a corporation in which he owns all the stock. Fritz considered establishing a freight forwarding business to handle goods shipped from the Orient to the United States. In April 1959, he consulted plaintiff for advice as to tariff rates on consolidated shipments. It was agreed that plaintiff's out-of-pocket expenses would be paid. For his services, he agreed to accept "a portion of the operation," "an interest in the company," or "stock in the corporation" to be formed. Fritz agreed to give "a small percentage" of stock, but no amount, either in proportion or number of shares, was discussed. The business was later incorporated, with all shares issued to Fritz. Both before and after incorporation, plaintiff expended time and effort in the venture. In October 1960, there was a dispute between plaintiff and Fritz, and plaintiff was discharged. Fritz said that "the best way of ending our association would be a cash settlement." He and plaintiff were unable to agree upon an amount, and this action followed.

Defendants contend that the agreement was illegal, and thus unenforceable, because it was for sale of corporate securities for which no permit had been issued (Corp. Code, § 25500). We need not determine whether the failure to raise this issue below bars our consideration of it, for the requisite factual basis is not established.

This action is upon the implied agreement to pay money for services requested. It is not upon any agreement to pay in shares. Nor does the evidence show an agreement to issue or sell shares. The parties never agreed upon a number or proportion of shares to go to plaintiff. There is testimony that they left this element for "later negotiation." Thus the "agreement" was fatally uncertain. At most, the parties agreed to agree later that stock might be used to compensate plaintiff. This is no agreement at all, and cannot be given the effect of depriving plaintiff of all compensation for his efforts. In fact, plaintiff was asked to render services for a

compensation not fixed. Upon his discharge, he properly sued for the reasonable value of those services.

This discussion disposes of defendants' claim that the court erred in failing to find on such issues as the existence of a contract and the performance thereof. The pretrial order recognized the claim of plaintiff for the reasonable value of services rendered at defendants' request, and the findings on this issue dispose of the case.

Defendant Fritz irrelevantly argues that no corporate defendant was his *alter ego*. No finding is made on this issue, and none is needed, since there is evidence that he individually requested plaintiff's services.

Fritz also argues that he is not liable in quasi-contract because plaintiff's services were not rendered to him, but to a corporation to be formed. The cases relied upon (*Rotea* v. *Izuel*, 14 Cal.2d 605 [95 P.2d 927, 125 A.L.R. 1424]; *McClenahan* v. *Keyes*, 188 Cal. 574 [206 P. 454]) are not in point. Here Fritz was the promoter of the corporation and upon its formation all its stock was issued to him. His liability is supported by authority (*Brisacher* v. *Baier*, 67 Cal.App. 96 [226 P. 830]).

The cross-complaint was based upon defendants' claim that plaintiff's services were improperly and negligently performed. They now claim that the evidence compels judgment in their favor on the cross-complaint. As is common to such arguments, they overlook conflicting evidence, which is sufficient to support the judgment.

Plaintiff has consented to vacation of the judgment against the two corporate defendants. We treat this as a consent to reversal as to them, and thus need not consider the issues they raise. No other points merit discussion here.

Judgment affirmed as to defendant Arthur J. Fritz and as to all cross-complainants, but reversed as to the two corporate defendants. Costs are awarded to respondent.

Salsman, J., and Devine, J., concurred.