[S. F. No. 767.   Department Two.—February 9, 1899.]

## J. W. FAULKNER (E. T. STEEN, Substituted), Appellant, v. JOSHUA HENDY (Executors Substituted), Respondents.

ESTATES OF DECEASED PERSONS—ACTION PENDING AGAINST DECEDENT—PRESENTATION OF CLAIM—INSUFFICIENT PROOF.—The claim of the plaintiff to a money judgment founded upon an allegation of indebtedness, in an action pending against the deceased person at the time of his death, is not sufficiently shown to have been presented as a claim against his estate by a document showing a claim presented in favor of a third person as assignee, though verified by the substituted plaintiff, in the action in behalf of such third person, and showing that the claim presented was for an interest in the estate held by the deceased at the time of his death of a certain estimated value.

ID.—REFERENCE IN CLAIM TO LITIGATION.—The character of the claim presented is not changed by the statement that the claim "is being litigated in an action" between the parties.

ID.—ACTION FOR A SHARE OF PROFITS—PRESENTATION OF CLAIM—LAW OF CASE.—In an action to recover money claimed to be due for an

alleged share of profits in the business of the decedent, a decision rendered upon a former appeal, to the effect that the claim of the plaintiffs was of such a nature that it required to be presented as a claim against the estate of the decedent, is the law of the case upon a subsequent appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court, and in the opinions rendered upon the former appeals therein referred to.

William H. Jordan, for Appellant.

R. Thompson, for John Rathgeb, Assignee of Appellant.

Boyd & Fifield, for Respondents.

McFARLAND, J.—This is an appeal by E. T. Steen, substituted as plaintiff in place of J. W. Faulkner, from a judgment in favor of the executors of Joshua A. Hendy, deceased, who were substituted as defendants in place of said deceased.

This case has been in litigation for many years, and has been several times on appeal to this court. In *Faulkner v. Hendy*, 80 Cal. 636, *Faulkner v. Hendy*, 103 Cal. 15, and *Faulkner v. Hendy*, 107 Cal. 49, the history of the litigation and the facts of the case are very fully set forth, and they need not be restated here. In appellant's brief in the case at bar much complaint is made that justice has not been done the appellant; but it is to be observed that under the decisions of this court in the two cases referred to in 80 and in 103 California appellant could have had judgment for the principal sum, which was found to be something over ten thousand dollars, and which appellant actually received, and compound interest thereon, which would have amounted to nearly three times as much as the principal sum found due. He refused to accept that amount, however, but contended that in lieu of compound interest he should recover for alleged profits, the amount of which could never be ascertained.

The question involved in the case at bar which is determinative of the case, is, whether or not there was a presentation of plaintiff's claim to the executors of Hendy, deceased, as required

by section 1502 of the Code of Civil Procedure, which is as follows: "If an action is pending against the decedent at the time of his death, the plaintiff must in like manner present his claim to the executor or administrator for allowance or rejection, authenticated as required in other cases; and no recovery shall be had in the action unless proof be made of the presentations required."

The original defendant, Joshua Hendy, having died, and his executors having been appointed, they made objection to any further proceedings because there had been no presentation of the claim. It is contended by appellant that there was such a presentation; and the question is, whether or not a certain document introduced in evidence constituted such a presentation of the claim as is required by law. The judgment of the court below went upon the theory that this document was not a presentation; and there is no warrant for saying here that the ruling of the court in this respect was erroneous. Many objections are made by respondents to the sufficiency of the document introduced as a presentation of a claim within the meaning of the code, but it is not necessary to notice all of these objections. In the first place, it is clearly not the claim of the appellant, but the claim of one John Rathgeb, Sr., and he is the claimant. The opening words of the document are these: "John Rathgeb, Sr., creditor of Joshua Hendy, deceased, presents his claim against the estate of said deceased, with the necessary vouchers, for approval, as follows, to wit: 'Estate of Joshua Hendy, deceased, to John Rathgeb, Sr., Dr.'" The body of the claim also shows that it had been assigned to Rathgeb. The character of the claim as one made by Rathgeb is not changed by the fact that the affidavit to it was made by Steen, who says in the affidavit that it is made by him "for the reason that he is better informed as to the facts concerning the claim than the said John Rathgeb, Sr." The affidavit, indorsed upon the reverse side of the claim, also states that "the sum of four hundred and sixty-five thousand ($465,000) dollars (estimated) is justly due to the said claimant, John Rathgeb, Sr." Moreover, the claim itself attempted to be presented is stated to be: "An interest in the property and estate held by the said Joshua Hendy at the time of his death, in his own name and in the name of the Joshua Hendy Machine

Works, a corporation, of the state of California, of the estimated value of four hundred and sixty-five thousand ($465,000) dollars"; while the real claim of the appellant, as it appears throughout the litigation, is not "an interest in the property" held by Hendy at the time of his death, but a claim for a money judgment against Hendy founded upon an alleged indebtedness of Hendy to the appellant; and the character of the claim as thus presented is not changed by the statement that the claim is "being litigated in an action" between the parties. For these reasons we are of opinion that the court below did not err in holding that there has been no presentation of the claim to the executors of Hendy. (See *McGrath v. Carroll*, 110 Cal. 79.)

Appellant makes contention, at this late day, that owing to the nature of the claim no presentation thereof to the executors was necessary; but that contention cannot, upon principle, be maintained, and, moreover, it was determined otherwise, as the law of the case, in *Faulkner v. Hendy*, 107 Cal. 49, where the court say: "That the claim of plaintiff was one which would require presentation respondent (now appellant) does not deny. The matter was fully considered by this court in *Lathrop v. Bampton*, 31 Cal. 17; 89 Am. Dec. 141, and in *Rowland v. Madden*, 72 Cal. 17."

The judgment and order denying a new trial are affirmed.

Henshaw, J., and Temple, J., concurred.