[Civ. No. 3130.   Second Appellate District, Division One.—November 19, 1919.]

LIBBIE GILES, Appellant, v. EDWIN REED, as Administrator, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—AGREEMENT TO DEVISE REAL PROPERTY—ACTION ON REJECTED CLAIM—EVIDENCE OF ORAL AGREEMENT INADMISSIBLE.—In an action on a rejected claim for services rendered by the claimant under and by virtue of an agreement with deceased, whereby the latter agreed to make a will devising certain real property to the former, evidence tending to prove that deceased in her lifetime orally agreed with plaintiff, for the consideration named, to make a will devising to her the real property is properly rejected.   Under subdivision 7 of section 1624 of the Civil Code, such an agreement is invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by deceased.

[2] ID.—REASONABLE VALUE OF SERVICES—EVIDENCE NOT ADMISSIBLE. In such action, the claim as presented and rejected having stated that the services were rendered under and by virtue of an agreement with deceased, whereby the latter agreed to devise certain real property, the court did not err in rejecting evidence tending to show the reasonable value of the services rendered.

1.   Validity of oral agreement to devise land, notes, 5 Ann. Cas. 495; 20 Ann. Cas. 1137; Ann. Cas. 1915A, 463; Ann. Cas. 1918A, 1191.

[3] ID.—ACTION ON REJECTED CLAIM—RESTRICTED RIGHT OF RECOVERY.—The holder of a claim against an estate cannot bring action therefor until it has been presented and rejected, and then in such action his right to recover is restricted to the cause of action stated in the claim which has been so presented and rejected.

[4] NONSUIT—GROUNDS—NECESSITY FOR STATEMENT OF.—A party moving for a nonsuit should state in his motion the precise grounds upon which he relies, so that the attention of the court and the opposite counsel may be particularly directed to the supposed defects in plaintiff's case.

[5] ID.—OMISSION TO STATE GROUNDS OF MOTION—WHEN NOT REVERSIBLE ERROR.—Omission to state the grounds upon which a motion for a nonsuit is predicated is not sufficient ground for the reversal of the judgment rendered upon the granting of the motion, where the complaint is silent as to facts under which any evidence was admissible and not susceptible of an amendment which could warrant a recovery by plaintiff.

APPEAL from a judgment of the Superior Court of San Diego County. S. M. Marsh, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles B. De Long for Appellant.

Hamilton & Lindley for Respondent.

SHAW, J.—Plaintiff appeals from a judgment in favor of defendant, rendered upon the granting of his motion for a nonsuit. The action is based upon a claim presented to defendant as administrator of the estate of Rhoda A. Loud, deceased, which was by him rejected. As presented, the claim is as follows:

"Estate of Rhoda A. Loud, Deceased.
"To Libbie Giles, Dr.
"To services rendered by claimant to said deceased as housekeeper, companion, nurse, etc., under and by virtue of a contract with said deceased whereby she agreed in consideration of the rendition of such services to make a will in favor of claimant leaving and devising her property situate in the County of San Diego, State of California, described as lot thirty-three and the south one-half of lot thirty-four of block One Hundred Eighty-four of University Heights according to the official map thereof on file in the

office of the County Recorder of said County; together
with the buildings upon said above described property, and
the furnishings and household furniture and other personal
property of said deceased in said building, $3073.82," to
which was attached an affidavit that the amount thereof was
justly due and no part thereof had been paid.

It is alleged in the complaint that the contract, made in
April, 1915, pursuant to which the services were rendered,
was oral, and that plaintiff complied with her part thereof
and rendered personal services to deceased, the reasonable
value of which was the sum of $3,073.82; that deceased died
without devising the said real property to plaintiff in ac-
cordance with said agreement or otherwise making any pro-
vision for the payment to plaintiff of the amount claimed.

[1] The chief error urged by appellant is predicated
upon the ruling of the court in sustaining defendant's ob-
jections to questions whereby it was sought to elicit testi-
mony tending to prove that deceased in her lifetime orally
agreed with plaintiff, for the consideration named, to make
a will devising to her the real estate described in the com-
plaint. That the alleged contract was invalid by reason of
there being no note or memorandum thereof in writing and
subscribed by deceased, admits of no question (subd. 7,
sec. 1624, Civ. Code); hence there was no error in the
ruling.

[2] Nevertheless, counsel for appellant insists that under
her complaint she is entitled to recover upon a *quantum
meruit* for services rendered by her at the special instance
and request of deceased. The record, however, fails to show
that plaintiff offered any evidence upon such theory. The
position of her counsel is summed up in the following state-
ment: "We expect to prove, your Honor, by this witness and
by most of these other witnesses, that Rhoda A. Loud said
to this witness in different conversations that she would,
or she intended to leave Mrs. Giles her home when she
passed out of the body, and that Mrs. Giles was the best
friend she ever had and rendered services for her." Conced-
ing, however, that testimony tending to show the reasonable
value of services rendered by plaintiff for deceased was
proffered and an objection thereto sustained, nevertheless
it cannot be said that the court erred in its ruling. The law
is well settled that a cause of action based upon a rejected

claim against an estate of a deceased person is limited to that contained in the claim so presented. (*Morehouse* v. *Morehouse,* 140 Cal. 88, [73 Pac. 738]; *Enscoe* v. *Fletcher,* 1 Cal. App. 659, [82 Pac. 1075].) **[3]** In other words, the holder of a claim against an estate cannot bring action therefor until it has been presented and rejected, and then in such action his right to recover is restricted to the cause of action stated in the claim which has been so presented and rejected. He is not entitled to recover against an administrator for any other cause of action (*Brooks* v. *Lawson,* 136 Cal. 10, [68 Pac. 97]), and cannot allege and prove a cause of action other than or different from that stated in the claim. (*Etchas* v. *Orena,* 127 Cal. 588, [60 Pac. 45].) By no stretch of the imagination can the claim as presented be construed as one for the reasonable value of services performed for deceased. It is stated in the claim that the services rendered by plaintiff were under and by virtue of a contract made with said deceased whereby the latter agreed to make a will devising to plaintiff certain real property. While no breach of this contract is stated in the claim, nevertheless, assuming the affidavit shows a breach thereof, the amount claimed is in the nature of damages, and not for the reasonable value of services rendered. Conceding that plaintiff offered such testimony, the court did not err in sustaining objections to evidence touching the question of plaintiff's right to recover upon a *quantum meruit* for services alleged to have been performed for and on behalf of deceased, for the reason that no claim therefor was at any time presented to the administrator for allowance.

At the close of plaintiff's evidence counsel stated: "We make a motion for judgment of nonsuit for failure to establish a case by the plaintiff." **[4]** It is true, as contended by appellant, that a party moving for nonsuit should state in his motion the precise grounds upon which he relies, so that the attention of the court and the opposite counsel may be particularly directed to the supposed defects in plaintiff's case. (*Coghlan* v. *Quartararo,* 15 Cal. App. 668, [115 Pac. 664]; *Brown* v. *Sterling Furniture Co.,* 175 Cal. 563, [166 Pac. 322].) **[5]** As appears, however, in the instant case, no evidence was received touching any material facts which it was necessary to establish in order to entitle

plaintiff to recover; indeed, in that the complaint failed to state a cause of action, the complaint was subject to a general demurrer, and conceding the motion as made was defective in that counsel in making it failed to comply with the rule announced in the cases cited, nevertheless, since the complaint is silent as to facts under which any evidence was admissible and not susceptible of an amendment which could warrant a recovery by plaintiff, no purpose could be served in reversing the judgment upon such ground.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.