[Civ. No. 2871. Third Appellate District.—October 20, 1924.]

## W. R. WARDER et al., Respondents, v. E. E. HUTCHISON, as Administrator, etc., Appellant.

[1] CONTRACTS — VALIDITY — STATUTE OF FRAUDS — PAYMENT FOR SERVICES AT DEATH.—Contracts within the statute of frauds are in themselves perfectly valid, but, by reason of the requirement that they shall be reduced to writing, they are not enforceable in a judicial proceeding unless committed to writing; and an agreement by one person to convey certain real property to another, in consideration of board, lodging, and washing to be furnished by the latter to the former during his lifetime, is within the statute of frauds.

[2] ID.—EMPLOYMENT DURING LIFE—VOIDABLE CONTRACT—QUANTUM MERUIT—STATUTE OF LIMITATIONS.—The oral agreement whereby defendant's intestate agreed to convey certain real property to plaintiffs, in consideration of board, lodging, and washing to be furnished the deceased during his lifetime, being voidable only, and not wholly void, and plaintiffs' compensation not becoming due, under the terms of the agreement, until the completion of such service, their cause of action for the reasonable value of such services did not accrue until the death of defendant's intestate, he never having repudiated the contract, and, therefore, at the time of his death, their claim for any part of such services was not barred by the statute of limitations.

[3] ID. — ACCRUAL OF CAUSE OF ACTION — UNNECESSARY WAIVER OF COMPENSATION.—Plaintiffs' compensation not having been due until the death of defendant's intestate, their cause of action based upon *quantum meruit* did not accrue until such death, and, therefore, they unnecessarily limited their cause of action to services rendered during the two years immediately preceding the death of defendant's intestate.

[4] ID.—CLAIM AGAINST ESTATE—COMPLAINT—PLEADING—QUANTUM MERUIT—VARIANCE.—Plaintiffs' claim against the estate having stated sufficient facts upon which to base either an action on the

1. Remedy of one performing services under contract for conveyance of land void under statute of frauds, note, **Ann. Cas.** 1913A, 288; 37 **L. R. A. (N. S.)** 639. See, also, 25 **R. C. L.** 588–591; 12 **Cal. Jur.** 930–933.

2. Right to recover for services rendered beyond statutory period of limitation on breach of parol contract to make provision by will, note, 6 **L. R. A. (N. S.)** 703.

4. See 11 **Cal. Jur.** 802.

contract or one for the reasonable value of the services performed, there was no material variance between it and the cause of action on *quantum meruit* for the reasonable value of the services performed, as stated in their complaint; and even though the claim had been based solely upon the oral contract and had failed to allege the reasonable value of the services rendered, since it stated all the facts out of which plaintiffs' right to recovery arose, it would have been sufficient to support a suit for such reasonable value.

[5] Id. — Action on Express Contract — Recovery on Quantum Meruit.—The fact that the first cause of action of plaintiffs' complaint was based upon the express contract alleged, which was unenforceable, did not deprive plaintiffs of the right to judgment for the reasonable value of the services rendered, where such cause of action also contained sufficient facts to justify a judgment for the value of the alleged services.

[6] Id. — Quantum Meruit — Possession of Property — Evidence — Findings.—The principle that the plaintiffs, having been placed in full possession of the premises involved, could not maintain an action for the reasonable value of the services rendered without first surrendering possession of such premises, can have no application to a case where the testimony shows that plaintiffs were residing on the premises, during all the times mentioned in the case, as tenants of the decedent, and the court has found that during all the time that the plaintiffs resided on the premises the decedent was in the possession thereof.

[7] Id.—Proof of Oral Contract—Declarations of Decedent.—Defendant having invoked the provisions of section 1880 of the Code of Civil Procedure and thus prevented plaintiffs from testifying, the substance of the oral contract and the performance thereof by plaintiffs was properly proven by neighbors and friends of the decedent, who testified to statements of the decedent tending to prove the allegations of the complaint; and the fact that certain of the declarations of the decedent were made more than two years prior to his death did not render evidence thereof inadmissible, where such statements were made during the time covered by the oral contract and they had a logical tendency to show the understanding of decedent as to the terms under which plaintiffs were performing the alleged services.

[8] Id.—Value of Services—Opinion Evidence.—The decedent having been seventy-eight or seventy-nine years of age at the time of his death, the court did not err in admitting in evidence the opinions of witnesses as to the reasonable value of the board, lodging, and washing furnished deceased by plaintiffs, without requiring proof that there was no market value for such services.

---

8.　See 11 R. C. L. 641; 10 Cal. Jur. 842.

[9] ID.—VALUE OF IMPROVEMENTS—EVIDENCE—FINDINGS.—While the evidence bearing upon the cost and value of the improvements made by the plaintiffs upon the land of decedent was not as definite and certain as it might well have been made, there having been evidence as to the extent and character of the work performed by plaintiffs and as to the enhanced value of the premises by reason of such work, and such evidence having been uncontradicted, it was sufficient to justify the finding of the trial court as to the value of the improvements.

[10] ID.—RENTAL AS OFFSET—PLEADING—ISSUES—FINDINGS.—There was no merit in defendant's contention that the trial court erred in failing to make a finding upon the rental value of the premises, as an offset to any amount due plaintiffs for board, etc., or for improvements, where the answer did not allege that any rent or rental value was due or unpaid, as an offset or otherwise, and there was no issue upon that question requiring a finding.

(1) 27 C. J., p. 205, sec. 161 (Anno.), p. 310, sec. 398. (2) 37 C. J., p. 855, sec. 218. (3) 37 C. J., p. 855, sec. 218. (4) 24 C. J., p. 748, sec. 1840. (5) 33 C. J., p. 1139, sec. 87. (6) 40 Cyc., p. 2836. (7) 22 C. J., p. 1042, sec. 1340 (Anno.); 40 Cyc., p. 2846. (8) 40 Cyc., p. 2849 (Anno.). (9) 40 Cyc., p. 2849. (10) 38 Cyc., p. 1970.

APPEAL from a judgment of the Superior Court of Amador County. C. P. Vicini, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. G. Snyder for Appellant.

T. G. Negrich for Respondents.

FINCH, P. J.—The complaint alleges that the plaintiffs are husband and wife; that in the year 1907 they and David H. Hutchison, the above-named decedent, entered into an oral agreement providing that "in consideration of board, lodging and washing to be furnished to and done for said David H. Hutchison by plaintiffs" during his lifetime, he would convey to them certain real property and "would leave the instrument of conveyance thereof so that it could be delivered after his death"; that, "in pursuance of said agreement and not otherwise," they furnished him "board,

9. See 11 Cal. Jur. 814.

lodging and washing . . . continuously'' from the time of said agreement to the time of his death, February 22, 1923; that he did not convey said real property to plaintiffs or compensate them for the aforesaid services; that such property is of the value of $2,000; that, in reliance upon said agreement, the plaintiffs made improvements upon the property of the value of $1,000; that by reason of his breach of said agreement the plaintiffs have been damaged in the sum of $2,000; that in due time the plaintiffs presented their claim to the administrator of decedent's estate and that the administrator wholly rejected the same.

The claim is set out in full in the complaint. It sets forth that it is ''for board, lodging, washing, improvements, etc., $2,000, based upon the following.'' It then alleges the making of the aforesaid oral agreement, the performance of the terms thereof by claimants, and the failure of decedent to convey the said lands to them or to compensate them for their services; the claim further alleges that the reasonable value of decedent's board, lodging, and washing is the sum of $7,760 and that of the improvements $1,000; that the real property is of the value of $2,000; ''that by reason of said agreement aforesaid and the breach thereof by deceased as hereinbefore set forth, these claimants have been damaged in the sum of $2,000; that this claim is made against the estate of David H. Hutchison, deceased, for the sum of $2,000.''

For a second cause of action the complaint alleges that ''within two years immediately preceding the death of said deceased on February 22, 1923, and at the request of said deceased, plaintiffs furnished said deceased with board, lodging, and washing, the reasonable value of which was and is $1,000.'' The prayer is for judgment in the sum of $2,000.

The answer denies, on information and belief, the making of said agreement, the performance of the alleged services and the making of the improvements, and alleges the plaintiffs have been paid for all services rendered. The answer further sets up the statute of frauds, the statute of limitations, and alleges that there is a variance between the claim presented to the administrator and the second cause of action stated in the complaint.

The court found the facts in accordance with the allegations of the complaint, except as to the value of the services

rendered and the improvements made, and then further found that "during the two years immediately preceding his death, said David H. Hutchison was absent from said premises for ten and three-quarters months" and that "the reasonable value of said board, lodging and washing . . . for the thirteen and one-quarter months within the two years immediately preceding his death was $40 a month or a total of $530"; that "in reliance upon said agreement, plaintiff's made improvements upon said real property and furnished labor and material to make such improvements, and kept up and repaired said premises continuously during all of said time and that the reasonable value thereof was and is $700"; that said David H. Hutchison was in possession of said real property at all times prior to his death. Judgment was entered upon the findings in favor of plaintiffs for the sum of $1,230. From this judgment the defendant has appealed.

[1] Respondent concedes that the alleged oral agreement is within the statute of frauds and therefore invalid. (Civ. Code, sec. 1624, subd. 7; Code Civ. Proc., sec. 1973, subd. 7; *Hagan* v. *McNary,* 170 Cal. 141 [L. R. A. 1915E, 562, 148 Pac. 937].) Contracts within the statute of frauds are not void but merely voidable. "Such contracts orally made are in themselves perfectly valid, but, by reason of the requirement that they shall be reduced to writing, they are not enforceable in a judicial proceeding unless committed to writing." (*Kinney* v. *Jos. Herspring & Co.,* 53 Cal. App. 628, 636 [200 Pac. 737, 740]; *Durbin* v. *Hillman,* 50 Cal. App. 377 [195 Pac. 274]; *In re Balfour & Garrette,* 14 Cal. App. 261 [111 Pac. 615].) Hearings in the supreme court were denied in all of the foregoing cases. They are in harmony with the great weight of authority in other jurisdictions. In *Harper* v. *Goldschmidt,* 156 Cal. 245, 249 [134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689, 104 Pac. 451, 453], it is said: "As an essential of every contract there must be an agreement and meeting of minds. Thus the agreement must precede the signature to the contract, however speedily thereafter such signature may follow. Before the statute of frauds, an oral agreement could be proved against either party. The statute of frauds in no way interfered or attempted to interfere with the antecedent oral agreement, but, in ef-

fect, declared a rule of evidence that such agreement could not be *proved* unless the essentials of it had been reduced to writing and signed by the party t˄ be charged.''

[2]   The oral agreement being voidable only, and not wholly void, and plaintiffs' compensation for services not becoming due, under the terms of the agreement, until the completion of such services, their cause of action for the reasonable value of such services did not accrue until the death of Hutchison, he never having repudiated the contract, and their cause of action for any part of such services, therefore, was not barred by the statute of limitations. ''Where the contract is for compensation for services to be rendered by a devise of land it is held in most cases that the employee's claim based on a *quantum meruit* does not accrue until the testator's death and that the statute of limitations does not begin to run against any part of his claim until such time; and this is especially true where the contract contemplates that the services shall be rendered to the time of the employer's death and are so rendered.'' (25 R. C. L. 730.)

[3]   It thus appears that plaintiffs' second cause of action is unnecessarily limited to services rendered during the two years immediately preceding the death of Hutchison. (*Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178, 189 [188 Pac. 1034].)

[4]   There is no material variance between the claim presented to the administrator and the cause of action stated in the complaint.   The claim states sufficient facts upon which to base either an action on the contract or one for the reasonable value of the services performed.   Even if the claim had been based solely upon the contract and had failed to allege the reasonable value of the services rendered, since it stated all the facts out of which plaintiffs' right of recovery arose, it would have been sufficient to support a suit for such reasonable value.   It has been held frequently that an amendment to a complaint which changes the count from one upon an express contract to one upon *quantum meruit* does not substitute a new cause of action. (*Wardrobe* v. *Miller,* 53 Cal. App. 370, 376 [200 Pac. 77] ; *Doolittle* v. *McConnell,* 178 Cal. 697, 704 [174 Pac. 305].)   In the latter case it is said: ''The same rules . . . apply with greater force to the *refusal to hold that there was a fatal difference between the*

creditor's claim as filed and the one upon which suit was brought, because the courts go. further in upholding such demands against estates than in sustaining pleadings. In-deed, it is usually necessary in such cases to go more into details in the complaint than in the claim." In *Thompson* v. *Koeller,* 183 Cal. 476, 484 [191 Pac. 927], it is said: "The whole matter of presentation of claims against the estates of decedents is purely statutory and dependent upon the code provisions, and there is not a word in the code to the effect that a claim against an estate should set forth the facts upon which it is based with the precision and detail of a plead-ing." It is further stated therein, in the language of prior decisions, that the object of requiring the presentation of claims is "to save to estates of deceased persons the costs and expenses of useless suits—suits to recover what would have been allowed and paid by the executor or administrator without suit" and that it is only required that a claim "suffi-ciently indicate the nature and amount of the demand to enable the executor and judge in probate to act advisedly upon it." The claim in suit fully meets the foregoing re-quirements.

[5] It is also contended that the first cause of action stated in the complaint is based upon the express contract alleged and is therefore insufficient to support the judgment for the reasonable value of the services rendered. The allega-tions are sufficient to warrant a recovery on the contract if it were valid, but there are also sufficient facts stated to justify the judgment for the value of the alleged services. In *Zellner* v. *Wassman,* 184 Cal. 80, 87 [193 Pac. 84], in which case the pleadings and proof are somewhat similar, in legal effect, to those here under consideration, it is said: "While the contract cannot be enforced, either in law or equity, we think that plaintiff is, nevertheless, entitled to some relief under the pleadings and evidence offered in sup-port thereof. . . . There being but one form of civil action in this state, a plaintiff may recover if his complaint 'states *any* cause of action entitling the plaintiff to *any* relief at law or in equity.' (*Hayden* v. *Collins,* 1 Cal. App. 259, 261 [81 Pac. 1120].) It is not essential that a complaint state a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and

a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled.''

[6] Appellant contends that the plaintiffs cannot maintain this action for the reasonable value of their services and of the improvements made by them because it does not appear that they disaffirmed the oral contract or surrendered possession of the premises, citing *Hill* v. *Den,* 121 Cal. 42 [53 Pac. 642], wherein it was held, under a similar oral contract, the plaintiff having been placed in full possession of the premises involved, that the plaintiff could not maintain an action for the reasonable value of services rendered without first surrendering possession of such premises. The testimony of the defendant in this case shows the plaintiffs were in possession of the premises, during all the times mentioned in the case, as the tenants of the decedent and that the decedent had reserved a room in the dwelling-house thereon for his own use. The court found that during all the time that the plaintiffs resided on the premises the decedent was in possession thereof and that, ''upon his invitation, the plaintiffs went to reside with said David H. Hutchison upon said real property.'' Under such circumstances, the principle of law announced in the case cited can have no application.

[7] Section 1880 of the Code of Civil Procedure provides: ''The following persons cannot be witnesses; . . . 3. Parties . . . to an action or proceeding, . . . against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person.'' Defendant invoked the provisions of this section and thus prevented the plaintiffs from testifying. Plaintiffs therefore were put to the necessity of proving their case by the testimony of persons who were not witnesses to the oral agreement. Several neighbors and friends of decedent testified to statements made by the latter tending to prove the allegations of the complaint. One of these witnesses testified that the decedent, referring to the plaintiffs, said: ''I have given them the home and, when I am gone, they know it is to be theirs''; that at another time he stated that he appreciated Mrs. Warder's ''caring for him and he was living there and she

was doing all the work for him and making life comfortable, but he was returning it or compensating them with his agreement with them to make that her home; . . . that he was compensating her for her care and making a home for him by providing her a home as long as he lived and then she was to have it." Another witness testified that decedent "told me he never paid board on account Warder would have the place. . . . He said that when he died a deed would be in his trunk. . . . He always said the place would be Mrs. Warder's." Much other testimony of a similar character was given by other witnesses. Considering the whole of the evidence, it is sufficient to prove the oral agreement and the performance of the terms thereof by plaintiffs. Appellant contends, however, that such testimony was improperly admitted, because the declarations of decedent, related by the witnesses, were made, in many instances, more than two years prior to the death of decedent. The contention is wholly without merit. It does not matter when the declarations were made, during the time covered by the oral agreement, if they had a logical tendency to show the understanding of decedent as to the terms under which plaintiffs were performing the alleged services. They were admissible as declarations of the decedent against his pecuniary interest. (Code Civ. Proc., sec. 1853.)

[8] It is urged that the court erred in admitting in evidence the opinions of witnesses as to the reasonable value of the board, lodging, and washing furnished deceased, without "first proving that there was no market value for board, lodging and washing." The deceased was seventy-eight or seventy-nine years of age at the time of his death. Recovery for board, lodging, and washing was limited by the complaint to the two years immediately preceding his death. It can hardly be said that there is "a market value" for the rendition of such services to a man of his age. The witnesses were the neighbors of decedent and seemed to know the conditions under which he lived with the plaintiffs and the services performed by them. The reasoning of the court in *Crusoe* v. *Clark,* 127 Cal. 341, 346 [59 Pac. 700], is applicable to the facts of this case. Crusoe sued for the value of his services as bookkeeper, salesman, and clerk. The court said: "There can hardly be a 'ruling rate of wages' for em-

ployment of this character applicable alike to all persons who might be employed."

[9] The evidence bearing upon the cost and value of improvements made by the plaintiffs is not as definite and certain as it might well have been made. One witness testified that plaintiffs cleared the farm of brush; that "there was only about ten acres when they went on it, and I should judge there is seventy-five or eighty acres cleared now." Another estimated that the ranch increased "in value by reasons of their occupancy . . . at least a couple of thousand dollars." A third witness stated that the property is worth "more than twice what it was" when the plaintiffs went upon it, "based on improvements"; that he "wouldn't say the place is worth to exceed $3,000"; that the improvements "increased the value a great deal." Another witness placed the value of the property at "not over $3,000" at the time of the death of decedent and at "not over a thousand dollars" in 1907; that the increase was "because the house was remodeled and fixed over, an addition on the house, a barn built and clearing the ground, . . . forty-or fifty acres— something like that." Two witnesses testified that Mr. Warder furnished the lumber used in making the improvements. The defendant introduced no evidence and the foregoing testimony is uncontradicted and, considered as a whole, is sufficient to justify a finding that the improvements were of the value of $700.

[10] Appellant urges that "the court failed to make a finding upon the rental value of the premises, which is an offset to any amount which may be due to plaintiffs for board, etc., or for improvements." The answer does not allege that any rent or rental value was due or unpaid, as an offset or otherwise, and hence there was no issue upon that question requiring a finding. Other questions raised by the appeal are related to those discussed and are disposed of by what has already been said.

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.