[Civ. No. 6816. First Appellate District, Division Two.—June 29, 1929.]

ALBERT C. LAURITSEN, Appellant, v. JOHN N. GOLDSMITH et al., as Executors, etc., Respondents.

Clarence N. Riggins for Appellant.

Pillsbury, Madison & Sutro, Alfred Sutro and Eugene M. Prince for Respondents.

KOFORD, P. J.—Plaintiff sued upon a rejected claim presented against the estate of the above-named decedent as follows:

"To services rendered Laura Goldsmith Patterson and room, board and care furnished and supplied her at claimant's home in Napa County, at frequent intervals and whenever desired by Laura Goldsmith Patterson from 1919 to the time of said Laura Goldsmith Patterson's death, and eggs and poultry furnished and supplied to her constantly by the claimant during said period, with the understanding and agreement between Laura Goldsmith Patterson and claimant that she would compensate him for said services and things so furnished and supplied to the amount of the reasonable value thereof upon the termination of said services and the furnishing and supplying of said things at or before her death, $4,000.00."

The allegations of plaintiff's complaint followed closely the wording of the claim. The trial was by jury resulting in a verdict for plaintiff. Defendants' motion for a directed verdict having been denied, after the verdict was rendered, defendants moved for judgment notwithstanding the verdict under Code of Civil Procedure, section 629. This motion was granted upon the ground of variance between the claim

and the proof and judgment was entered for defendants. The trial court held that inasmuch as the claim was for reasonable value of services and supplies rendered the deceased and the proof was that the services were performed in expectation of and in return for the promise of a legacy, this constituted a fatal variance between claim and proof under the authority of *Etchas* v. *Orena,* 127 Cal. 588 [60 Pac. 45].

Plaintiff appeals from the judgment so entered. He distinguishes the instant case from *Etchas* v. *Orena, supra,* upon the ground that here the claim alleged a continuing promise to compensate at death; that such continuing promise served mainly to avoid the statute of limitations; that he is not suing for the reasonable value of the services as the measure of damage for the breach of an oral contract to make a bequest, but because the law implies an agreement to pay for such services under the facts set out in the claim and that the evidence of the decedent's promise to make a bequest was only offered to show an agreement to compensate on the termination of the services at or before death or to negative the possible inference that such services were rendered gratuitously.

In *Etchas* v. *Orena, supra,* the claim presented against the estate was an itemized statement of month by month services rendered deceased at her request. The complaint was in the greater part based upon *quantum meruit,* but it also alleged that the deceased promised to pay plaintiff the reasonable values of services by making provision in her will in a sum equal to the value of the services. The defense was the statute of limitations. Judgment was for plaintiff notwithstanding the defense of the statute of limitations. This was apparently upon the theory that the decedent promised to pay for the services at the termination thereof, to wit, upon her death. Upon appeal it was held that, inasmuch as the claim filed against the estate made no reference to the decedent's promise to make payment for the services in her will, plaintiff could not rely upon such promise, and therefore the plaintiff's claim was barred and the judgment was reversed. It is said in the decision that, if plaintiff could maintain an action for breach of contract to pay for services continuing for a period of over ten years, it would be necessary to first present a claim against the estate based upon breach of such

contract; that inasmuch as the claim presented was for services by the month and no contract was set forth in the claim as to when the wages were to be paid the presumption was that the hiring was from month to month. It is also pointed out that the executor could not allow the claim as presented since the greater part of it appears on its face to be barred by the statute of limitations. We understand the doctrine of this case, so far as applicable to the present appeal, is that in order to escape the bar of the statute of limitations by relying upon an express promise to compensate the claimant at the termination of the services, it is necessary that the claim filed against the decedent's estate set out such promise in order that the executor or administrator of the decedent's estate may intelligently approve or reject such claim.

In *Giles* v. *Reed,* 44 Cal. App. 367 [186 Pac. 614], the claim was for services rendered decedent under a contract by which decedent agreed in consideration of the services to be rendered to make a will devising claimant certain property. The complaint follows the claim, alleges the rendition of the services, and the failure of the decedent to make the will as agreed, and also, departing from the claim which was strictly confined to damages for breach of said express contract, the complaint alleged the sum claimed was likewise the reasonable value of the services rendered. The trial court sustained objections to testimony offered showing oral promises of the decedent to make such a bequest because such contract was invalid under the statute of frauds. The decision also holds that the trial court did not err in sustaining objections to testimony tending to prove the reasonable value of the services rendered because such a cause of action was not embraced within the claim filed against the estate. This case is but the converse of *Etchas* v. *Orena, supra.* The former holds that a cause of action for damages for breach of express contract cannot be based upon a claim for the reasonable value of services. The latter holds that a cause of action for the reasonable value of services cannot be based upon a claim which declares for damages for breach of express contract.

Apparently the claim filed in the instant case avoided the consequences of relying on the ordinary contract implied by law as was done in the *Etchas* v. *Orena* case, and at the

same time avoided relying entirely upon the express promise to compensate by will, as did the claim in *Giles* v. *Reed*. The .claim here is evidently framed to steer a middle course between these two cases and follows closely the language of the findings of *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178, at page 181 [188 Pac. 1034]. Those findings were held to support a judgment upon a *quantum meruit,* and it should follow that a claim setting out substantially similar facts should be a sufficient claim upon *quantum meruit.* The transcript also shows the claim in that case to have been quite similar to that filed in the instant case.

Several decisions hold that a claim based primarily upon a broken promise to compensate by will for services rendered is also sufficient to support a cause of action upon *quantum meruit* where the facts set forth are such that the law will imply from them a promise to compensate at the termination of the services. (*Zellner* v. *Wassman,* 184 Cal. 80, at p. 88 [193 Pac. 84]; *Ruble* v. *Richardson,* 188 Cal. 150, at p. 155 [204 Pac. 572]; *Warder* v. *Hutchinson,* 69 Cal. App. 291, at p. 296 [231 Pac. 563].)

In this case respondents claim that the record of testimony does not show any express contract to compensate for the services at the termination thereof, but only an express contract to compensate by will. It is true that the testimony does not show any direct promise to pay in any other way than by will. But it has been frequently held that the law will imply such a promise where the express promise to compensate by will has failed of fulfillment. (*Estate of Rohrer,* 160 Cal. 574, at 576 [Ann. Cas. 1913A, 479, 117 Pac. 672]; *Zellner* v. *Wassman, supra; Warder* v. *Hutchinson, supra; Mayborne* v. *Citizens T. & S. Bank, supra.*)

It is also contended by respondents that a cause of action upon *quantum meruit* would be barred by the statute of limitations with the exception of that part of the claim which arose during the last two years preceding the death of decedent. It has been held, however, under facts similar to those in this case that the law not only implies a promise to pay but implies the. promise to pay at the termination of the services, so that the cause of action does not arise until the day of the death of decedent and the statute of limitations does not bar any part of the period· of continuous services. (*Hagan* v. *McNary,* 170 Cal. 141 [L. R. A. 1915E,

562, 148 Pac. 937]; *Mayborne* v. *Citizens T. & S. Bank,* *supra; Warder* v. *Hutchinson, supra.*)

■ Respondents ask us to rule that the testimony of the wife of appellant should be totally disregarded because she has a community property interest in the chose of action. They also ask us to rule that the court erred as against respondents in rejecting certain offered testimony which they claim would have tended to show the services and provisions to have been supplied gratuitously and as an act of friendship only, giving rise to no implied contract to compensate. Respondents cannot raise these points until judgment is rendered against them.

■ Respondents' motion for judgment notwithstanding the verdict was made in the alternative form under Code of Civil Procedure, section 629, reserving the right to apply for a new trial if their motion for judgment be denied, but the motion was granted. That section does not give to the appellate court the trial court's power to pass upon respondents' reserved motion for a new trial. No good reason appears why this court should exercise its power as an appellate court to grant a new trial. Following the precedent of *Eades* v. *Trowbridge,* 143 Cal. 25 [76 Pac. 714], we should order judgment entered by the trial court upon the verdict permitting, of course, such further proceedings as are permitted by law.

The judgment is therefore reversed and the court directed to enter judgment upon the verdict.

Nourse, J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 27, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 26, 1929.

Richards, J., dissented.