[Civ. No. 10444. Second Appellate District, Division Two.—November 8, 1935.]

ETTA B. SEIB, Respondent, v. WILLIS S. MITCHELL, Executor, etc., Appellant.

[Civ. No. 10445. Second Appellate District, Division Two.—November 8, 1935.]

JOHN C. SEIB, Respondent, v. WILLIS S. MITCHELL, Executor, etc., Appellant.

William Ellis Lady for Appellant.

Mier & Schaper for Respondents.

WOOD, J.—These actions were commenced against the executor of the will of Elizabeth J. Herbst, after rejection by

the executor of claims presented in the probate proceedings. John C. Seib and Etta B. Seib are husband and wife and Mrs. Seib was the niece of Mrs. Herbst. It is set forth in Mrs. Seib's complaint that in April, 1917, Mrs. Herbst requested her to render services continuously during such part of the remainder of Mrs. Herbst's life as she might require, and that Mrs. Herbst agreed to pay plaintiff at the time of her death by bequeathing to her and her husband all or practically all of her estate or a sum equal to the reasonable value of plaintiffs' services; that Mrs. Seib's services were rendered whenever desired by Mrs. Herbst between April 11, 1917, and the date of Mrs. Herbst's death, which occurred October 28, 1932. The complaint sets forth a second cause of action in which it is alleged that the decedent became indebted to plaintiff for services rendered and performed at the special instance and request of defendant. The complaint of John C. Seib is similar to that of his wife except that the services rendered were of a different nature and Mr. Seib's complaint contains various allegations of money due for certain expenditures made by him. Mrs. Herbst did not compensate plaintiffs during her lifetime nor did she leave her property to them in her will. The principles of law governing the two actions are the same and have been treated as such in the briefs of the parties.

The trial court found that the services were performed as alleged and that ''it was the understanding and agreement by and between the plaintiff and the said Elizabeth J. Herbst that plaintiff would perform the said services continuously during such part of the remainder of the lifetime of the said Elizabeth J. Herbst as the said Elizabeth J. Herbst would pay to the plaintiff for the same in money or property to the amount of the reasonable value of said services, upon the termination of said services. at or before her death''; that the services were not terminated before the death of Mrs. Herbst, and that the services were rendered to Mrs. Herbst whenever she desired such services between April 11, 1917, and the date of her death. The court further found that on a number of occasions, some of which were for extended periods, plaintiff did not render services to Mrs. Herbst but that ''such cessation of services was without fault on the part of the plaintiff and was caused by the wrongful temporary discharge by the deceased''.

■ Defendant contends that these findings are not supported by the evidence and plaintiffs point out that the findings and conclusions are .almost identical with the findings and conclusions in the cases of *Mayborne* v. *Citizens Trust & Sav. Bank*, 46 Cal. App. 178 [188 Pac. 1034], and *Warder* v. *Hutchison*, 69 Cal. App. 291 [231 Pac. 563]. To this defendant rejoins, ''The closer the analysis of the situation and of the detailed matters and things, the more convinced one becomes that there is full justification for the assertion that these cases were put together pursuant to plans and specifications specially prepared therefor, and which are in accordance with adjudicated forms, and that they are, therefore, far from being what one might say a house 'not made with hands, eternal in the Heavens'.'' If indeed plaintiffs ''put together'' their evidence falsely, it was a matter for the determination of the trial court and the determination of the trial court as to the truth or falsity of the testimony is binding upon us. There is substantial evidence in the record to support the findings of the court, which for the reasons given in *Koeberle* v. *Hotchkiss*, 8 Cal. App. (2d) 634 [48 Pac. (2d) 104], will not be set forth here. There was much evidence of the extensive and arduous services performed by plaintiffs and of statements made by Mrs. Herbst of her intention to compensate plaintiffs and to will her property to them.

■ On the common count for services rendered the findings are fully supported. An express contract need not necessarily be proved but ''it is sufficient if from the facts and circumstances it reasonably can be inferred that compensation was in the view and contemplation of the parties''. (*Mayborne* v. *Citizens Trust & Sav. Bank, supra.*) ''When services are rendered by one person, from which another derives a benefit, although there is no express contract or agreement to pay for the services, there is a 'presumption of law' which arises from the proof of services rendered, that the person enjoying the benefit of the same is bound to pay what they are reasonably worth.'' (*Moulin* v. *Columbet*, 22 Cal. 508, 509.)

■ Defendant contends that the larger part of the sum claimed is barred by the statute of limitations, basing this contention upon the finding of the court that during part of the time plaintiffs did not render services and that ''such cessation of services was without fault of the plaintiff and was

caused by the wrongful temporary discharge by the deceased". This contention cannot be upheld. The contract was for continuous services from 1917 until the death of Mrs. Herbst. The court found that plaintiffs were at all times ready, able and willing to perform the services. The finding of "the wrongful temporary discharge" was tantamount to a holding that deceased during the periods of cessation of services did not desire the assistance of plaintiffs, especially in view of the fact that after each cessation of services plaintiffs were again requested by deceased to resume their ministrations to her and they did in fact on each occasion render further services. The statute of limitations did not begin to run until the death of Mrs. Herbst. (*Mayborne* v. *Citizens Trust & Sav. Bank, supra; Warder* v. *Hutchison, supra.*

Defendant contends that the evidence is insufficient to justify the findings as to the reasonable value of the services. During the time in which plaintiffs were employed, Mr. Seib was allowed $50 a month and Mrs. Seib was allowed $40 a month for part of the time and $50 a month for the balance of the time. Defendant emphasizes the fact that the estate was small in value and that in view of the size of the estate the sums allowed are claimed to be excessive. We think that the better test would be the value of the services rather than the ability of Mrs. Herbst to pay. She was bedridden a large part of the time and required the services of both Mr. and Mrs. Seib. If they fairly earned the sums awarded they should have judgment accordingly, regardless of the value of the estate left by Mrs. Herbst.

Defendant argues that the value of the services was not proved in the manner required by law, contending that the expert testimony was legally insufficient. The expert testimony was properly received but such testimony was not necessary. The circumstances of the amount and kind of services actually rendered were in evidence and the value of the services was for the trial court to determine. (*Nylund* v. *Madsen,* 94 Cal. App. 441 [271 Pac. 374].) The evidence was sufficient to sustain the findings concerning the value of the services.

The judgments and orders are affirmed.

Crail, P. J., and Gould, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 2, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.