[Civ. No. 11457. First Dist., Div. One.—April 5, 1941.]

ROSALYND LUNDBERG, Respondent, v. PHIL C. KATZ, as Administrator, etc., Appellant.

Henry F. Boyen, Frank J. Fontes and Percy V. Long for Appellant.

Raymond D. Williamson and Arthur J. Healy for Respondent.

WARD, J.—This is an appeal from a judgment in favor of plaintiff in the sum of $5,200, interest and costs. The action was brought by her against the administrator of the estate of Robert Hart Overton to recover the reasonable value of services performed as housekeeper and nurse for a period of more than sixteen years immediately preceding the death of decedent, the services being rendered at his special instance and request and upon his promise to pay therefor by bequest. The major question on appeal is the sufficiency of a claim filed with the administrator as the basis for a money judg-

ment. It is also contended that if the claim is sufficient to permit recovery, the evidence does not sustain a judgment for the amount awarded.

The complaint alleges the death of Robert Hart Overton, the appointment of the administrator, the filing of the claim in due course and the rejection thereof; the performance of the services and that their reasonable value was the sum of $20,000; the agreement to pay; that no provision was made, by will or otherwise, in accordance with an agreement to pay and reimburse plaintiff; that demand for payment has been made and that the entire amount remains due, etc. The claim does not appear in the record but it is set forth in respondent's brief, and we assume that to be correct. The claim, after setting forth the terms of the agreement, states: ''That claimant accepted and performed the terms and conditions of said agreement on her part to be performed; that, because of the performance of said conditions by claimant and said agreement of decedent, claimant is the owner of and entitled to all of the property of said decedent, the value of which claimant estimates at Twenty Thousand Dollars ($20,000) ; . . . Wherefore claimant prays that all of the estate and property of said decedent be delivered to her as her property.'' The written rejection of the claim reads as follows: ''You will please take notice that the claim heretofore presented by you against the estate of the above named decedent in the amount of the value of all of the property owned by said decedent at the time of his death and estimated by you at the sum of Twenty Thousand Dollars ($20,000.00) for alleged compensation due under agreement with said decedent, was by me on this day rejected.''

The claim is drawn on the theory that under and by virtue of the agreement plaintiff is entitled to all of decedent's property. The question is whether a claim of that character will support a recovery upon *quantum meruit.*

■ The general rule is that a claimant against an estate shall not maintain an action thereon unless a claim, supported by affidavit, is filed, reciting the amount due; that no payments have been made thereon which are not credited; and that to the knowledge of claimant there are no offsets. (Prob. Code, secs. 705, 716.) ■ The filing of the claim is statutory and need not be set forth with the precision and detail of a complaint. ''It is not essential that a complaint state

a cause of action for the relief which plaintiff seeks, provided the facts stated show some right of recovery, and a party cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled." (*Warder v. Hutchison,* 69 Cal. App. 291, 297, 298 [231 Pac. 563]; *Zellner v. Wassman,* 184 Cal. 80 [193 Pac. 84]; *Hayden v. Collins,* 1 Cal. App. 259 [81 Pac. 1120].)

From the foregoing we conclude that if the cause of action is substantially based upon the claim, and the estate has not been placed in a position of disadvantage as by lack of opportunity without additional expense, to pay or compromise the claim, the action may be maintained. The strict rule laid down in *Giles v. Reed,* 44 Cal. App. 367 [186 Pac. 614], *Etchas v. Orena,* 127 Cal. 588 [60 Pac. 45], *Estate of Dutard,* 147 Cal. 253 [81 Pac. 519], *Faulkner v. Hendy,* 123 Cal. 467 [56 Pac. 99], and many other cases, that a claimant may recover only when the cause of action specifically follows the claim, has been modified.

*Furman v. Craine,* 18 Cal. App. 41 [121 Pac. 1007], and *McKay v. Security-First Nat. Bank,* 35 Cal. App. (2d) 349 [96 Pac. (2d) 376], cited by appellant, do not involve a variance between claim and complaint, and do not support appellant's contention that a claim to specific property will *never* support a money judgment. If the contract had been in writing, an action thereon could have been maintained. In the absence of a written contract, an action for the reasonable value of the services was proper. To sustain his contention that the claim does not support the form of action appellant relies upon *Giles v. Reed, supra.* In that case the claim averred performance of services under an agreement to devise specific property to the promisee, a specified figure following the description of the property. The case cited supports his contention. However, if a suit on such a claim should now be brought the same result would probably not be reached in the light of the more liberal construction of the code section.

The claim in the present case is framed on the theory of the validity of the oral agreement to devise all property of the deceased to plaintiff, and for its specific enforcement. The claim prays that "all of the estate and property of said decedent be delivered to her as her property". In *Warder v. Hutchison, supra,* the court held that the claim would support an action for reasonable value, notwithstanding the sum stated

in the claim and prayed for in the complaint is in the latter alleged to be the amount of damages for breach of the agreement to devise specific property.

The complaint in *Zellner* v. *Wassman, supra,* was framed on the theory of validity of a broken oral promise to leave the promisee $5,000 by will. It was held that although the agreement was not enforceable because not in writing, plaintiff was entitled to the reasonable value of services. In *Manford* v. *Coats,* 6 Cal. App. (2d) 743, 748, 749 [45 Pac. (2d) 395], the court said: ''Appellant refers us, however, to the case of *Giles* v. *Reed,* 44 Cal. App. 367 [186 Pac. 614], where the court refused to receive evidence of the reasonable value of services, but in that case the agreement was to compensate plaintiff by devising a specific parcel of real property, and no claim was based on the implied contract, whereas, in the instant case, the agreement was to see that the parties, in consideration of services rendered by plaintiff at the request of deceased, were well provided for.'' In *Lauritsen* v. *Goldsmith,* 99 Cal. App. 671, 674, 675 [279 Pac. 168], the court said: ''Apparently the claim filed in the instant case avoided the consequences of relying on the ordinary contract implied by law as was done in the *Etchas* v. *Orena* case, and at the same time avoided relying entirely upon the express promise to compensate by will, as did the claim in *Giles* v. *Reed.* The claim here is evidently framed to steer a middle course between these two cases and follows closely the language of the findings of *Mayborne* v. *Citizens T. & S. Bank,* 46 Cal. App. 178, at page 181 [188 Pac. 1034]. Those findings were held to support a judgment upon a *quantum meruit,* and it should follow that a claim setting out substantially similar facts should be a sufficient claim upon *quantum meruit.''*

In the present case the record does not indicate that defendants demurred to the complaint. The insufficiency of the claim to support the action was not urged as a defense in the first answer filed. In an amendment to the answer, filed eighteen days after the submission of the case on the merits, the following appears: ''In this connection, defendant alleges that the claim referred to in said complaint was and is an insufficient claim and at variance with the claim here sued upon in that it did not apprise defendant of the nature of the claim here sued upon nor of the amount demanded.'' There is no suggestion herein that the amendment to the answer was

improperly filed but rather that it was an "afterthought" subsequent to filing the original answer.

In *Reeves* v. *Vallow*, 16 Cal. (2d) 95 [104 Pac. (2d) 1017], in considering a contention that an alleged contract was oral and therefore recovery was limited to a period of two years, the court, at page 98, said: "If the evidence is sufficient to support the cause of action for the reasonable value of the continuing services, it is now too late for the defendant to object to any formal deficiencies in the claim or in the statement of the cause of action. Both were sufficient to apprise the administrator of the general nature of the claim and the cause of action upon which the plaintiff would be entitled to rely under the foregoing authorities. (*Syler* v. *Katzer*, 12 Cal. (2d) 348 [84 Pac. (2d) 137, 119 A. L. R. 422]; *Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 Pac. 84].)"

The claim in this case noted the date of the agreement, the nature of the services performed and the estimated value of the property asked in payment therefor. In *Syler* v. *Katzer*, 12 Cal. (2d) 348, 350 [84 Pac. (2d) 137, 119 A. L. R. 422], the court said: "The contention is then, that the claim was insufficient in form, and reliance is placed on such cases as *Etchas* v. *Orena*, 127 Cal. 588 [60 Pac. 45], and *Estate of Stuer*, 77 Cal. App. 584 [247 Pac. 211]. Without discussing these in detail, it may be said that there is no necessity that a creditor's claim be drafted with precision and completeness of a pleading. The only requirement is that it state such facts as will apprise the executor or administrator of the amount of the demand. (See *Standiford* v. *Cantrell*, 87 Cal. App. 736 [262 Pac. 800]; *United States Gypsum Co.* v. *Shaffer*, 7 Cal. (2d) 454 [60 Pac. (2d) 998].) The claim in the instant case clearly called to the attention of the executor the fact of the services, the period during which they were rendered (up to the time of death), and the amount demanded. If any uncertainty remained, it was incumbent upon the executor to call for clarification (*Standiford* v. *Cantrell*, *supra*). . . . "

The only objection to the present claim is that there is an absence of averment of the reasonable value of the services. If any request for clarification had been made by the executor as to the form of the claim it could have been amended. (*United States Gypsum Co.* v. *Shaffer*, 7 Cal. (2d) 454 [60 Pac. (2d) 998].) The failure of an administrator to re-

quest further information would not supply a fatal defect in the claim but it may be taken into consideration in determining its sufficiency as the basis of a complaint.

In this case there is nothing to indicate that had the administrator been informed the claim was for the reasonable value of services, he would have allowed or compromised it, thereby saving the estate the expense of litigation. If a demurrer had been filed to a complaint setting forth the claim as filed with the administrator of the estate, a ruling sustaining the demurrer without leave to amend would have been erroneous. Under proper circumstances, a claim filed within the statutory time may be amended after the expiration of the statutory period. (*United States Gypsum Co.* v. *Shaffer, supra.*) It would have been proper to permit plaintiff to petition the probate court to file an amended claim before final action on a demurrer. It must be remembered that the pleadings did not contain any objection to the form of the claim as a basis for the complaint until eighteen days after the submission of the cause on its merits. The trial court, upon application, would have been justified in delaying decision until an application to the probate court to file an amended claim could be seasonably made. If so made and rejected, the complaint in the present action could have been amended. To send the case back to the trial court at this stage of the proceeding would be a waste of time of the respective litigants.

The form of the claim as the basis for the complaint is not approved as a model. However, we agree with the trial judge in his statement made at the time judgment was directed for plaintiff that "it would be sacrificing substance to form if I should hold that the claim is fatally defective".

The next question to consider is whether the amount of the judgment, $5,200, is excessive. The appraised value of the estate was $8,845.46. The court found that the value of the services was $15,600, but that the estate was entitled to a credit of $10,400 on account of supplies, etc., paid for by decedent. The evidence upon this subject is meager but it cannot be said that the trial judge arrived at the various figures through conjecture or surmise. There was testimony by the daughter of plaintiff, who was quite young at the time of the making of the agreement, as follows: "A. Yes, he asked my mother if she would please come to make a home

for him, and care for him the rest of his life; that if she did, that upon his death, she was to receive everything he possessed, for making a home for him, and caring for him in every respect, and cooking and everything. . . . Q. Now, from the time you moved into the home, did you observe the work that your mother did there? A. Why, yes, my mother cleaned and kept the house up, and cooked Mr. Overton's meals; he had a midnight meal; and she did his mending; and he insisted upon the garden being kept up, and my mother did all that; she laid carpets and put up curtains for his room, and just everything, that is all; and she was at his service every minute of the day that he wanted her; she just did everything possible for him." There was also ample evidence by other witnesses of the performance of the agreement. The trial judge was convinced by this evidence and it is therefore sufficient on appeal. In matters of continuous domestic service, opinion evidence if given need not be followed if the trier of the facts is convinced that the opinion expressed is not sound. As a rule the facts do not call for the testimony of an expert. If the trier of the facts possesses the common knowledge of the value of such services, their reasonable value may be determined without the aid of opinion testimony. (*Seib* v. *Mitchell,* 10 Cal. App. (2d) 91 [52 Pac. (2d) 281]; *Nylund* v. *Madsen,* 94 Cal. App. 441 [271 Pac. 374]; *Birkhofer* v. *Krumm,* 27 Cal. App. (2d) 513 [81 Pac. (2d) 609]; *John H. Spohn Co.* v. *Bender,* 18 Cal. App. (2d) 447 [64 Pac. (2d) 152].) We are not prepared, even with the aid of appellant's able dissertation on this subject, to hold that the trial court erred in its findings or in the judgment rendered thereon.

The judgment is affirmed.

Peters, P. J., and Goodell, J., *pro tem.,* concurred.