[Civ. No. 18717.   First Dist., Div. Two.   July 28, 1960.]

MARIE O'BRIEN, as Executrix, etc., Respondent, v. LIL-
LIAN FITZSIMMONS, as Executrix, etc., Appellant.

Frank J. O'Brien for Appellant.

Schofield, Hanson, Bridgett, Marcus & Jenkins, Thomas J. Duffy and Thomas M. Jenkins for Respondent.

GOOD, J. pro tem.*—In an action upon a creditor's claim filed by James H. McCarthy, since deceased, against defendant estate, a judgment for $7,789.75 was recovered as the reasonable value of services rendered and expenditures made by plaintiff for the benefit of the deceased during his lifetime. The complaint alleged that in December, 1948, Henry Gagliardo and plaintiff entered into an oral contract wherein it was agreed that if plaintiff would move into Gagliardo's home, act as his companion and look after his general welfare during the remainder of his life, he would make a will to reasonably compensate plaintiff and leave him well provided for; that decedent died in 1957 and his will was admitted to probate in San Francisco; that within the statutory period, plaintiff presented the executrix with a creditor's claim for services rendered and money advanced pursuant to said agreement and that the claim was rejected. Findings of fact were made in accordance with the basic allegations and fixed the amount aforesaid as the reasonable value of services in moving into decedent's home and acting as his companion and of moneys advanced for decedent's benefit. Before entry of judgment, plaintiff died and his executrix was substituted as plaintiff.

The evidence discloses that in 1948, Gagliardo had recently lost his wife and lived alone in a fairly large house; that he wanted his brother-in-law, McCarthy, to live with him because people were badgering him to sell the house and make other arrangements. The deceased also tried to persuade the plaintiff executrix to take up residence with them and at the time stated that McCarthy just had to stay with him; that that was the way his predeceased wife wanted it; that the house would go to the brother; and that all the latter would have to do would be to pay utility bills and taxes. There was testimony of a similar conversation prior to Mrs. Gagliardo's death. McCarthy continued his residence with the decedent until the latter's death. Receipts were produced for various utilities and taxes totaling $2,993.75 and the operator of an employ-

---

*Assigned by Chairman of Judicial Council.

ment agency was permitted to testify that the reasonable value of a companion in residence was $50 to $75 per month during the time involved.

Appellant contends that the complaint did not state facts sufficient to constitute a cause of action; that if the action was upon an oral contract, it would be void because of the statute of frauds; that if it was in quantum meruit it would be barred (at least as to a major portion) by the statute of limitations; that the evidence was insufficient to prove the alleged oral agreement or that any services were rendered by plaintiff to decedent; and, that because both plaintiff and his sister lived at decedent's home without payment of rent they should not be entitled to recover for utilities and taxes advanced by plaintiff.

The major contentions appear to rest upon the premise that respondent's action must be based upon an *express* contract. The contentions as to the insufficiency of the complaint and the application of the statutes of frauds and limitations are completely answered in the cases of *Johns* v. *Coleman,* 176 Cal.App.2d 778 [1 Cal.Rptr. 784], and *Toney* v. *Security First Nat. Bank,* 108 Cal.App.2d 161 [238 P.2d 645]. There is little purpose in reiterating their discussion of the rules of law and case authority applicable herein. Neither *Woolf* v. *Jacobs,* 144 Cal.App.2d 526 [301 P.2d 507], nor *Wood* v. *Wrigley,* 119 Cal.App.2d 90 [258 P.2d 1049] support appellant's contention. The Woolf case merely held that the presumption that a person enjoying the benefit of services rendered is bound to pay for them is rebuttable and that there was evidence in the case that rebutted any inference that plaintiff had rendered his services in expectation of compensation. The trial court's finding that *no agreement* existed was therefore adequately supported by the record. Here, the trial court found in plaintiff's favor. The Wood case is of similar tenor. *Long* v. *Rumsey,* 12 Cal.2d 334 [84 P.2d 146] dealt with a factual situation wherein the services for which compensation was demanded had ceased 16 years before death and held that in such instance where the services were not continuous to the time of death the claimant must rely upon an *express* contract to pay at a future time or upon death.

The court, however, explicitly stated that where the services were continuous up to the time of an alleged breach (as by death without testamentary provision), it is then "not only unnecessary to rely on any express contract but it was not necessary that the evidence be sufficient to establish a contract since the promise to pay at the termination of the services,

implied by law, was sufficient.'' In *Corato* v. *Estate of Corato,* 201 Cal. 155 [255 P. 825], it was found that the evidence merely showed an agreement to pay for services currently as they were rendered. ▮▮▮ These and the remaining cases cited in support of appellant's contentions are not in point here because there was sufficient competent evidence to show that services were rendered and utilities and taxes paid in expectation of compensation pursuant to decedent's promise to provide therefor by his will. In principle, we hold that there is no distinction between recovery in quantum meruit for services rendered and continuing cash expenditures made in reliance on an agreement to make testamentary provision for repayment.

The final contention that requires attention is that there was no competent evidence that any services were performed by decedent. ▮▮▮ The record discloses that because of the provisions of the "Dead Man Statute" (Code Civ. Proc., § 1880, subd. 3), plaintiff's proof as to services was limited to the reasonable value of his physical residence as companion in decedent's home and utilities and taxes paid by plaintiff. The findings of continuous residence and companionship furnished are adequately supported by the record as are the cash expenditures. ▮▮▮ Appellant argues that the employment agency witness was not a properly qualified expert. The evidence shows that sufficient qualification was established by reason of over ten years' employment in such agencies, five of which were devoted to actual operation of an agency. ▮▮▮ While it may be noted that in determining reasonable value in this type of case, a court may find the fact without the aid of expert opinion, it is not error to receive it. (*Lundberg* v. *Katz,* 44 Cal.App.2d 38 [111 P.2d 917]; *Seib* v. *Mitchell,* 10 Cal.App.2d 91 [52 P.2d 281].)

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied August 26, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1960.