[Civ. No. 16955. First Dist., Div. Two. Sept. 20, 1956.]

JOSEPHINE WOOLF, Appellant, v. ALBERT H. JACOBS et al., Respondents.

J. A. Pardini, Elda Granelli and F. Campagnoli for Appellant.

J. Clark Benson and Simeon E. Sheffey for Respondents.

KAUFMAN, J.—This is an appeal from a judgment in favor of a defendant executor in a suit for monies, brought after rejection of appellant's claim filed in the estate of Joseph Harrison Thompson, deceased.

Plaintiff, a single woman, sought to recover against the estate of deceased, compensation for services rendered to him during his lifetime. The first count of the complaint alleged that decedent had become indebted to appellant in the sum of $31,200 for the reasonable and agreed value of professional services rendered as a registered and practical nurse and housekeeper. The second count alleged that on or about August 30, 1935, appellant entered into an oral agreement with decedent whereby it was agreed that appellant would render certain services in the capacities of nurse and housekeeper, and that decedent would either compensate appellant during her lifetime for such services, or if such services terminated during his lifetime, he would deduct from such compensation only the reasonable cost of claimant's board and lodging, or in the absence of such compensation, he agreed to make and keep in effect a last will and testament providing for full compensation for the services rendered by claimant. It was further alleged that the reasonable value of the services rendered less board and lodging was the sum of $31,200; that decedent did not fulfill his part of the agreement; and that if appellant had not relied upon said agreement that decedent would leave her all of his estate up to and including the reasonable value of her services, she would not have continued to perform said services.

There was testimony that appellant, a nurse, had lived at the residence of decedent, a chiropractor, since some time in 1934, and that she had rendered housekeeping services and some nursing services, during periods when decedent was in poor health. There was testimony that on a few occasions during those years he had told witnesses that he would do right by her, that she would be taken care of; that she was more than a daughter to him.

On January 2, 1950, Joseph Harrison Thompson died leaving a will providing for appellant as follows:

"All legal bills shall be paid by the appointed attorney. He shall pay to Josephine Woolf a faithful and kind friend to me—the sum of Five Hundred ($500.00) dollars. She shall also be given all household belongings to dispose of as she desires. She shall continue at my apartment for one additional month, the Estate paying such rent-gas-electricity and

telephone. No other allowances will be paid her because during the years of her kindness our understanding and agreement I have faithfully carried out for services she rendered me.''

There was no testimony in regard to any agreement, nor was there any testimony to show that appellant had not been compensated for her services. The trial court found that it was not true that decedent had become indebted to appellant in the sum of $31,200 or any other sum within the two years last past and or at all for the reasonable value of professional services; and that it was not true that on or about August 30, 1934, an agreement had been entered into as alleged in the complaint. It was further found that it was not true that any agreement was entered into for the payment of appellant's services and that it was not true that decedent did not fulfill any and all agreements, if any, made between him and appellant.

Appellant contends that the trial court erred in finding that appellant did not perform services for decedent under such conditions that a promise to pay must be implied. The evidence is uncontradicted that appellant and deceased lived in the same apartment for many years. Appellant was constantly his companion at social affairs and performed housekeeping duties. There was also evidence that she insisted on his regularly taking the medication prescribed for his heart condition, and that she gave him nursing care following a period of hospitalization at one time several years before his death. Deceased was in poor health for some time prior to his death. Appellant administered shots and other medication to him. According to witnesses who occasionally visited them, deceased was quite dependent on appellant during this latter period of his life, although he apparently was ambulatory to within a few days before his death.

There was testimony by one witness who owned a convalescent home that she charged $200 per month including board to patients in her home, but could not give them such service as appellant had rendered to decedent and that such services were of greater value than the price which she charged her patients.

The record herein is completely devoid of any evidence that an express contract was made between appellant and deceased. But appellant maintains that the evidence is sufficient to support a claim for the reasonable value of the services rendered. In *Leoni* v. *Delany*, 83 Cal.App.2d 303,

310 [188 P.2d 765, 189 P.2d 517], it was said that "all that is needed is to establish the rendition of services and their reasonable value." In *Moore* v. *Spremo*, 72 Cal.App.2d 324, 331 [164 P.2d 540], the court declared that in proving a contract in this type of case that the intention to pay and the expectation of compensation may be inferred from conduct as well as from communications of the parties, that expectation of compensation may coexist with motives prompted by affection or a sense of duty, and that "to warrant the finding of such contract, the elements of intention to pay on the one hand, and expectation of compensation on the other, must be found to exist" but that such elements may be inferred from the relation of the parties, the nature of the services or other circumstances.

In the cited case, decedent was a tenant at a rooming house owned by plaintiff. He had been permitted to stay on during the depression without paying his rent. He admitted to a friend that he owed plaintiff a great deal of money, but that if she did not get paid his will would take care of her. Again he admitted that when he settled with her she would be able to buy two houses similar to one owned by the witness. Decedent underwent major surgery, and for a period of four months preceding his death required constant nursing service night and day, which plaintiff rendered. It was argued that the services were rendered gratitiously by plaintiff, but the court held that the determination as to whether the services were gratuitously rendered was a factual question for the trial court which had decided the issue contrary to defendant's theory.

In the above cited case there was abundant evidence that deceased intended to pay for the food and lodging furnished to him, and from the nature of the business carried on by plaintiff, it could certainly be inferred that she expected payment. In the present case there is an admission in the pleadings that decedent furnished appellant with her room and board during all the years that she made her home with him, for her claim is for the reasonable value of her services less the cost of board and lodging in the home of decedent. In the first years of this living arrangement, there was testimony that deceased was still a practicing chiropractor, but that he owned no property, had very limited means and would have been unable to pay appellant anything. If the testimony of these witnesses is believed, then it may be said that appellant very probably entered upon this agreement

without expectation of payment other than her support. It is true that the trial court might have inferred from the conduct of the parties that there was an implied agreement to pay for services in addition to appellant's support, but the evidence certainly does not compel that inference as a matter of law.

Appellant urges that where services are rendered by one person from which another receives a benefit, there is a presumption of law that the person enjoying the benefit is bound to pay what they are reasonably worth. (See *Lloyd* v. *Kleefisch*, 48 Cal.App.2d 408 [120 P.2d 97]; *Lundberg* v. *Katz*, 44 Cal.App.2d 38 [111 P.2d 917]; *Long* v. *Rumsey*, 12 Cal.2d 334 [84 P.2d 146]; *Zellner* v. *Wassman*, 184 Cal. 80 [193 P. 84].) This presumption is rebuttable, however, and we hold there was sufficient foundation in the testimony regarding the conduct of the parties herein, which would rebut the inference that appellant rendered the services in expectation of the remuneration sought in this action.

The trial court made a finding that "It is not true that the said work, labor and services rendered and performed by plaintiff herein, after deducting therefrom the cost of food and lodging, was the sum of $40.00 per week, or any other sum, or a total of $31,200.00 or any other sum." The trial court was not bound to accept the value placed on appellant's services by the witnesses herein, but could conclude that appellant had been adequately compensated in receiving her support during all these years, or that she had rendered all services gratitiously.

Two of the witnesses testified to discussions with decedent in which they urged him to do right by appellant and marry her. One of these witnesses testified that decedent had said he was going to do right by her, and the other stated that he said that appellant would be provided for. These expressions on his part of an intent to do something for appellant in the future, do not compel the inference that any agreement had been made between him and appellant. They are as subject to an inference that decedent would do something for appellant in appreciation of her gratitious service to him.

The trial court further found that "it is not true that Plaintiff and decedent entered into any agreement for the payment of Plaintiff's services, and it is not true that Decedent did not fulfill any and all agreements, if any, made between Plaintiff and Decedent." Appellant introduced evidence of the provision made for her in decedent's will, which was

quoted above.  This declared that during the years of their understanding and agreement decedent had faithfully carried out his part for the services which appellant had rendered. Hence he left her only the household furnishings and $500. This evidence supports the above findings.

The trial court made no finding in regard to the statute of limitations which was pleaded by respondent and which he urges would in any event bar appellant's claim.  In view of the fact that the findings above discussed are supported by the record, it is unnecessary to discuss this contention.

This was purely a factual matter for the trial court. In view of the fact that the judgment finds ample support in the record before us, the judgment must be affirmed.

Judgment affirmed.

Nourse, P. J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.